# APRIL TERM, 1895.

## JOHN F. MCLAUGHLIN v. HENRY AUSTIN.

*Election of remedies—Evidence—Statute of frauds—Promise to pay debt of another.*

1. Plaintiff sued to recover for plumbing done in a house which a third party contracted to erect for the defendant, and with whom the plaintiff agreed in the first instance to do the plumbing, upon the theory of an abandonment by the contractor of his contract, and an agreement by the defendant to pay plaintiff for the work agreed to be done for the contractor if plaintiff would finish said work, and make certain changes at an additional price, which the defendant agreed to pay. It appeared on the trial that, prior to bringing suit, plaintiff had filed a statement of lien, in which he swore that the work and materials sued for were furnished in pursuance of his contract with said contractor. And it is held that the plaintiff did not thereby elect his remedy so as to preclude the bringing of the suit against the defendant.

2. The fact that in the statement of lien plaintiff swore that he furnished the materials and labor in pursuance of a contract with the contractor was proper evidence to be considered by the jury in determining whether the work was done in reliance upon a new undertaking with the defendant, but was not conclusive that it was not so done.

3. The undertaking of the defendant, if entered into as claimed by the plaintiff, was not within the statute of frauds.

Error to Wayne. (Hosmer, J.) Submitted on briefs January 11, 1895. Decided April 2, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

489

*James H. Pound,* for appellant.

*William Look* and *Ira G. Humphrey,* for plaintiff.

HOOKER, J. The plaintiff contracted with one Jones, a builder, to do certain plumbing in a house which Jones was erecting under a contract with the defendant. Upon the part of the plaintiff it is claimed that Jones abandoned the job before it was completed. Defendant testified that he thought Jones did not abandon the job, but that he neglected to do the work, and, desiring to move in, he, the defendant, put on some help about September 20, to finish up the work, rather than to wait. Be this as it may, the plaintiff testified that, upon taking certain fixtures to the building, he was informed by the defendant that they would not suit, and an arrangement was made for a change and some additions, for which he was to receive $25. At this time but little of the work had been done. The plaintiff further testified that in this conversation the defendant told him that Jones had abandoned the job, and that he, the plaintiff, should finish the work, and the defendant would pay him. Another witness, one of the carpenters, testified to a part of this conversation. From this counsel argue, and apparently the jury found, that the defendant contracted for this work, agreeing to pay for the whole job when done, if the plaintiff would go on and finish it, and make changes at an additional price agreed upon. The defendant denies this agreement, and says he never agreed to pay for anything except the extras mentioned. The undisputed testimony shows that the plaintiff filed a statement of lien, in which he swore that the labor was done and materials were furnished in pursuance of a contract with Jones. An attempt was made to explain this by testimony that the facts were stated to an attorney, under whose advice the lien was filed. Error is assigned upon the admission of this evidence, and in per-

mitting a verdict in the case in view of the nature of this lien.

No rule is better settled than the proposition that one having the choice of two inconsistent remedies is bound by an election, and that suit brought upon one precludes a subsequent resort to the other claim. Thus, one may waive a tort by bringing an action in *assumpsit*, or may lose his right to bring *assumpsit* by commencing an action for the wrong committed. One may sometimes rescind a contract, and assert title to property that he has parted with, or he may affirm the contract, but he cannot do both. Having elected, by bringing an action upon one theory, he has no right afterwards to sue upon the other. *Thompson v. Howard*, 31 Mich. 312, and cases cited; *Brown v. Littlefield*, 11 Wend. 467; 1 Id. 398; *Morris v. Rexford*, 18 N. Y. 557; *M'Elroy v. Mancius*, 13 Johns. 121; *Sanger v. Wood*, 3 Johns. Ch. 416. This rule is not inconsistent with the practice of bringing a second and different action where it appears that the plaintiff never had a right of action as first brought, and therefore could not have elected. There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions, upon which recovery could not be had. *Morris v. Robinson*, 3 Barn. & C. 196; *Peters v. Ballistier*, 3 Pick. 495; *Butler v. Hildreth*, 5 Metc. 49.

In this case, according to the plaintiff's testimony, he made a valid contract with Jones, and did about $30 worth of work under it, and went to the premises for the purpose of finishing the job under such contract, when he was asked by the defendant to make some changes in material and do additional work, which he assented to for a stipulated price, viz., $25 (which was agreed to be, and was subsequently, paid by the defendant for the extras),

and a promise to pay for all work done. It does not appear that the plaintiff expressly agreed to this at the time, or that he ever accepted this proposition, except as it may be inferred from his doing the work. Whether or not this work was done in reliance upon the defendant's promise is only known to the plaintiff. If he relied on a contract with the defendant, he might place a contractor's lien upon the premises, and hold him personally responsible. If, at the time he filed the subcontractor's lien, he had a right to elect which of these persons he would hold, such election was made by filing his lien, but this cannot be said to be strictly true. His election must have been made at the time of doing the work. Then he had a valid claim against one or the other, and none the less so because of difficulty in determining which one he actually relied upon in doing the work. If it was the defendant, he was liable, and an unsuccessful effort to collect of Jones, had it been made, would not remove the liability, upon which there could be but one proper remedy, and therefore no opportunity for an election between inconsistent remedies. The fact that his claim of lien contained the sworn statement that he furnished material and labor in pursuance of a contract with Jones was proper evidence to be considered by the jury in determining whether the work was done in reliance upon a new undertaking with the defendant, but is not conclusive that it was not so done.

It is contended that this contract, if proved, was void under the statute of frauds, inasmuch as it was not in writing. It is urged that, at the time it was made, Jones owed the plaintiff $20 or $30 for work already done, and was under a legal obligation to pay the remainder of the claim when the work should be finished; that there was no agreement to release Jones from his liability, and therefore, as his liability continued, the promise of the

defendant was a promise to answer for the debt of another. It is possible for one to make a valid oral promise to pay the debt of another without releasing the original debtor, though it is not where the consideration moves to the original debtor alone. This seems to be the point upon which the rule turns. *Leonard v. Vredenburgh*, 8 Johns. 29; *Nelson v. Boynton*, 3 Metc. 396; *Mallory v. Gillett*, 21 N. Y. 412; *White v. Rintoul*, 108 Id. 222; *Corkins v. Collins*, 16 Mich. 478; *Calkins v. Chandler*, 36 Id. 320; *Bice v. Building Co.*, 96 Id. 24, 30. The agreement to pay the unpaid portion of the original contract price, plus $25, was upon the consideration that the plaintiff should proceed and do the work, notwithstanding the abandonment of the job by Jones, and do other and additional work desired by the defendant. Here was a consideration, and one that moved to the defendant, and not to Jones; and, under the authorities cited, the promise alleged by the plaintiff, if established to the satisfaction of the jury, was not within the statute of frauds.

Some other assignments of error appear, but upon examination we think it unnecessary to discuss them.

No error appearing, the judgment will be affirmed.

The other Justices concurred.