## CHADDOCK *v.* TABOR.

1. NEGLIGENCE—INCONSISTENT REMEDIES.

Plaintiff was struck by a shot from an airgun discharged by a nine-year-old boy, and brought suit against one P. for his injuries. It was claimed in such suit that the boy, because of his immaturity, did not appreciate the dangerous character of the weapon, and that P., who had purchased the gun for another lad, his son, was liable   The court, upon the facts, ruled against this contention, but the question of the negligence of the boy who fired the gun was not involved in the disposition of the case.   *Held,* not to bar an action against the boy himself.

2. SAME — INFANTS — CARELESS USE OF FIREARMS — EVIDENCE— QUESTION FOR JURY.

Plaintiff testified that, while standing in the street near an opening in a fence, he was struck in the eye by a shot; that at about that moment he saw defendant, a boy nine years old, step out from behind a clump of grape-vines about 60 feet away, with an airgun in his hand; that defendant told him that he had been shooting, but not at him, and asked forgiveness for having injured him.   Defendant claimed that he looked before he fired, that no one was in line of the shot, and that he did not fire in the direction of the street.   It was his theory that the shot glanced from a board at which he was aiming, and struck the plaintiff while he was standing some 30 feet out of the line of the discharge.   His testimony, however, upon the trial of a previous case, to which he was not a party, contained an admission that he saw plaintiff as soon as he had fired, and that plaintiff was then right in front of his gun.   This testimony was read in evidence against him.   *Held,* that there was a question for the jury as to whether the accident was occasioned by defendant's negligence.

Error to Berrien; Coolidge, J. Submitted October 8, 1897. Decided November 17, 1897.

Case by John N. Chaddock against Roscoe Tabor for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*A. Plummer*, for appellant.

*Gore & Harvey* and *N. A. Hamilton*, for appellee.

MOORE, J. Plaintiff recovered a judgment against the defendant in the circuit court, from which judgment defendant appeals.

When the defendant was nine years and seven months old, he was using an airgun. A shot from this gun struck the plaintiff in the eye, and inflicted such injuries that it became necessary to remove the eye. It was the claim of the plaintiff that defendant had arrived at such years of maturity that, if negligent in the use of the gun, he was liable for the injury done the plaintiff, and that he was negligent in the use of the gun. It is the claim of the defendant that, under the facts disclosed, there was no liability; that the affair was an accident, pure and simple. It is his claim that he did not see plaintiff, and that plaintiff was not in a position where defendant ought to have seen him. It is his contention that, if a straight line were drawn from his position when he fired the gun to the position then occupied by the plaintiff, a corner of a dwelling house would intervene. He says he placed a grape upon a plank which was upon the ground, and pointed his gun at the grape, and fired; that, before doing so, he looked towards the street, to see if any one was in the line of the discharge of the gun, and saw no one. It is his claim that the shot from the gun struck the plank, glanced to the west and south, striking the plaintiff when he was 30 feet from the line which the shot should have taken when it was discharged from the gun.

Testimony was offered upon the part of the plaintiff

that, as he was standing in the street, near an opening in the fence, looking at the roof of a building in process of repair, he was struck in the eye. He dropped his head, and saw that he was blind in that eye. At about that minute he saw a boy step out from behind a clump of grape-vines in front of him, about 60 feet away, with a gun in his hand. He asked the boy if he was shooting in there with the gun, and the boy replied, "Yes, but I was not shooting at you," placing quite a strong emphasis on the last word. He also testified that a little later the boy came up to where the plaintiff and Mr. Merrill were, and "he soon saw what injury he had inflicted, and wanted to know if I would not forgive him." This boy was the defendant.

In 1890, plaintiff in this case sued Mr. Plummer to recover for this same injury, claiming that the airgun was furnished to young Tabor under such circumstances as to make Mr. Plummer liable. A judgment was rendered in the circuit court in favor of Mr. Plummer, by direction of the trial judge, which judgment was affirmed in this court. *Chaddock* v. *Plummer*, 88 Mich. 225 (26 Am. St. Rep. 283). Young Tabor was a witness in the trial of the case against Mr. Plummer. The testimony given by him in that trial was put in evidence in this trial. He then testified, among other things, that he looked before he fired, to see if anybody was coming along the street; that there was no one; that, when he first saw Mr. Chaddock, he was right beside the post, was one side of it, was right in front of his gun. Again, he said he saw Mr. Chaddock right after he shot, and went around where he was.

"*Q.* Could you see him from where he was when you got through shooting?

"*A.* Yes, I could see him then.

"*Q.* Did you go down there?

"*A.* I went down where he was.

"*Q.* You found he was hurt?

"*A.* Yes, sir.

"*Q.* You didn't see anybody at all when you shot the gun?

"*A.* I didn't see anybody at all, until after.

"*Q.* You knew it wouldn't be right to shoot towards anybody if anybody was there?

"*A.* Yes, sir."

The circuit judge submitted special questions to the jury, as follows:

"*Q.* Was the shot which produced the injury to plaintiff fired at a grape on a board which was only a few feet from the defendant?

"*Q.* Was the defendant, at the time he fired the shot, facing the west?

"*Q.* Was the injury produced by the shot glancing about 30 feet to one side of the direction in which the gun was aimed?"

These questions were answered in the negative.

The defendant was not sworn as a witness in this trial.

The trial judge gave a great many requests to charge, prepared by counsel for each of the parties. Complaint is made by the defendant because, as part of a request given on the part of the plaintiff, the trial court used this language:

"If you find from the evidence that the boy pointed the gun at the plaintiff without intending to injure the plaintiff, and plaintiff was so near that defendant ought to have apprehended that such act was dangerous, the defendant would be liable, as the act of pointing the gun at the plaintiff was a negligent act; and, in that event, your verdict should be for the plaintiff," etc.

Defendant also excepts to the refusal to charge:

"The undisputed evidence tends to prove that the defendant was facing west when he shot the spring gun at a grape on a board in his immediate front, and the direct line of fire of the spring gun was west, while the plaintiff was some 30 feet south of the line of fire, and some 60 or 70 feet from the defendant; and the jury are not to presume that the gun was pointed in any other direction, or that the plaintiff was standing in any other place."

The court charged the jury, upon the request of defendant:

"The burden of proving the negligence alleged in this case is upon the plaintiff, and, if he has not proved negligence on the part of the defendant by at least a clear preponderance of the evidence, then he cannot recover.

"Defendant is not liable unless his conduct at the time in question was negligent. Negligence, as applied to this case and to the defendant, is the failure to do what a reasonable and prudent boy of the age and intelligence of the defendant would ordinarily have done under the circumstances, or doing what such a boy, under the circumstances, would not have done. If the defendant was not negligent under the above definition, then he is not liable.

"If the jury believe from the evidence that, when the defendant fired the air or spring gun, he was facing west, and that he was 75 or more feet from the highway, and that the gun was pointed at a grape on a board only a few feet from where the defendant was standing, and that plaintiff, at the time the shot was fired, was in the neighborhood of 30 feet to the south of the direction in which the gun was pointed, and that defendant looked just before he shot, and did not see the plaintiff, and that plaintiff was injured by reason of the shot glancing something like 30 feet to the south of the line of fire of the spring gun, then there was no negligence on the part of the defendant; and, if you so find, you will render a verdict for defendant.

"If Roscoe Tabor, just before he fired, looked to see if any one was in or near the line of fire, and there was no one there, then he was not negligent in shooting as he did, and in such case he is not liable in this suit.

"If the injury to plaintiff was caused by the shot glancing a long and unusual distance and direction out of the line in which defendant aimed, then defendant is not liable.

"An accident is an event from an unknown cause, or an unusual and unexpected event from a known cause; a chance or casualty. In this case, if the injury to Mr. Chaddock was an unusual and unexpected event from the use of the spring gun under all the circumstances, then the injury was accidental, and plaintiff cannot recover.

"You are instructed that, although you may believe from the evidence that the injury complained of was occasioned by the act of the defendant, still, if the jury further believe from the evidence that such injury could not have been foreseen or reasonably expected to result from the act of the defendant, then the defendant is not liable."

In addition to giving the requests prepared by counsel, the court gave a very full general charge, in which he used this language:

"A boy of nine years of age, of average care and intelligence, might be presumed to know enough not to shoot directly at a person with an airgun, if such person were within three feet distance. If a boy did so, the jury might be justified in finding such boy guilty of negligence. It is claimed, however, by the plaintiff in this case, that this really occurred."

It is now contended by counsel that no one made the claim stated by the circuit judge in the last sentence quoted, and that this portion of the charge was error. There might be some force in this contention if the portion of the charge quoted was left to stand by itself, but, taken in connection with what came before and what was said afterwards, the jury could not have obtained the impression now urged by counsel. The trial judge had instructed the jury that the fact of negligence must be proven to make the defendant liable. He told the jury that the age at which infants arrive at the age of discretion could not be stated by the court arbitrarily.

"It depends often on the peculiar circumstances of the case. Now, in this case, I shall leave it to you to say whether the boy was of sufficient age in this case that he could have been negligent, under the circumstances of the case, in using the airgun as he did, and under the circumstances that he did. Whether anything occurred in connection with the use and discharge of the gun from which negligence could be imputed to a boy nine years of age is a fact for you to determine."

Then came the language before quoted, to which the court added at once:

"I cite that merely as an illustration of the principle. It is claimed by the plaintiff that an act of a similar nature, and like it, and of the same character, occurred. It is claimed that the defendant discharged the gun in the direction of the plaintiff; that the plaintiff was so near the defendant that the discharge of the gun was in itself an act of negligence in the defendant. It is claimed by the

defendant, however, that the evidence does not warrant any such inference. Of course, you will be governed simply by the evidence in the case."

The general charge of the trial judge in relation to this branch of the case is too long to find a place here. It was a very full and fair charge. While it would have been better to have avoided the use of the sentence, "It is claimed, however, by the plaintiff in this case, that this really occurred," the court at once corrected himself, and no one could have been misled.

A great many assignments of error are made. While all have been considered, we deem it necessary to discuss only two branches of the errors assigned in addition to those referred to. In the suit brought by Mr. Chaddock against Mr. Plummer it was claimed that the gun used was a dangerous weapon; that young Tabor, because of his infancy and immaturity, did not appreciate the danger liable to result from the use of such a weapon, and that Plummer's relation to young Tabor was such as to create a liability against Mr. Plummer for the injury received by Mr. Chaddock. It is claimed that the position taken by the plaintiff in the case against Mr. Plummer was inconsistent with the claim now made, and that, having elected his remedy in the *Plummer Case*, plaintiff cannot now pursue another inconsistent with it,—citing a number of cases. We do not think these cases sustain the contention of counsel. In *Chaddock* v. *Plummer*, 88 Mich. 225 (26 Am. St. Rep. 283), the questions of the negligence and the infancy of young Tabor were not reached in the disposition of the case. The disposition of the case did not involve a consideration of either of those questions, but the court said that, under the facts shown, the plaintiff had no remedy against Mr. Plummer.

In *McLaughlin* v. *Austin*, 104 Mich. 491, Justice HOOKER said:

"No rule is better settled than the proposition that one having the choice of two inconsistent remedies is bound

by an election, and that suit brought upon one precludes a subsequent resort to the other claim. * * * This rule is not inconsistent with the practice of bringing a second and different action where it appears that the plaintiff never had a right of action as first brought, and therefore could not have elected. There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions, upon which recovery could not be had."

We do not think the plaintiff, by bringing his suit against Mr. Plummer, was precluded from bringing this suit.

The remaining question calling for discussion is, Was there testimony sufficient to justify the submission of the case to the jury and the special findings of the jury? It is true that the same degree of care and maturity of judgment is not required of a boy under 10 years of age that is required of a person of mature years. *Cooper* v. *Railway Co.*, 66 Mich. 261 (11 Am. St. Rep. 482). The judge so instructed the jury. It is insisted, however, that, as the defendant testified that he shot at the grape, and not in the direction of the street; that he looked to see if any one was in the line of the discharge of the gun, and saw no one,—there was nothing to be submitted to the jury. We have already called attention to the testimony of the plaintiff as to the situation at the time and immediately following the injury, and to the testimony given by young Tabor upon the other trial, and we think this testimony raised a question of fact for the jury, which was properly submitted to them.

Judgment is affirmed.

The other Justices concurred.