GLOVER *v.* RADFORD.[1]

1. ACTIONS—FRAUD—ELECTION OF COUNTS.

It is error to require an election of counts in an action based upon fraudulent representations in the sale of corporate stock, where one count is framed on the theory of plaintiff's rescission on learning of the fraud, and his resulting right to recover the purchase price, and the other, designed to meet a possible failure to establish rescission, seeks damages for the fraud.

2. RESCISSION OF CONTRACT—LACHES—EVIDENCE.

In an action to recover the price paid for corporate stock, based upon a rescission for fraudulent representations in its sale, it was error to exclude testimony, offered to excuse apparent laches, of one who was elected director subsequent to the sale to plaintiff, as to the steps that led to the discovery of the fraud.

Error to Wayne; Frazer, J. Submitted May 9, 1899. Decided July 5, 1899.

Case by Henry P. Glover against George W. Radford, James W. Fales, and Alexander McVittie for alleged false representations on the sale of corporate stock. From a judgment for defendants, plaintiff brings error. Reversed.

*Fred A. Baker*, for appellant.

*E. G. Stevenson* and *T. E. Tarsney*, for appellees.

HOOKER, J. The defendants purchased, for $30,000 in cash, the exclusive right to the Dr. Keeley Gold Cure for the State of Michigan. With two others, they organized a corporation called the Keeley Institute, with $50,-000 capital stock in 2,000 shares. The articles stated that

---

[1] Rehearing denied November 7, 1899.

$30,000 was paid in. It began business at Northville, December 2, 1891, where it was continued until May, 1892, when it was removed to Ypsilanti. Its only substantial asset was the right to use the Keeley cure in Michigan. One Van Cleve, representing the plaintiff and other residents of Ypsilanti, had some negotiations with the defendants, who at that time controlled, if they did not own, all of the stock of the corporation, with a view to procuring an interest in the concern and having the business removed to Ypsilanti; and such an arrangement was made whereby amended articles were filed increasing the stock to $250,000, of which the Ypsilanti parties subscribed $50,000. The evidence shows that the defendants sold one-fifth interest in the concern for $50,000, and that this consideration went to them; and we think that the record shows that the increase of capital stock to $250,000 was with the assent of plaintiff, and the knowledge on his part that only $30,000 had been paid in. The business was not successful at Ypsilanti. This action was brought to recover the consideration paid, or damages for deceit on the part of defendants in the sale.

The claim of plaintiff's attorney is that the purchase by his client was induced by the representation that the concern was earning 12 per cent. upon $250,000, that this was not true, and that the plaintiff did not discover the fraud until a short time before the action was commenced, and that he then sought to rescind, but his offer was refused. He then brought this action, joining counts based upon rescission and upon breach of the contract. The court held that the counts were inconsistent, and required the plaintiff to elect which theory he would stand upon, and counsel chose rescission, taking exception to the ruling. Counsel asked the witness Coombs what he did, after being elected upon the board of directors in March, 1893, in regard to finding the situation of the company, stating that the answer would bear upon the question "when the fraud was discovered." The court excluded the answer against the plaintiff's exception.

These are the most important questions in the case, and we think there is error in both. There can be no doubt that the two theories were inconsistent in a sense, because one is based upon the continuation of the contract and the other upon its rescission. The plaintiff attempted to rescind by tendering the stock and demanding the money that he paid for it. If there was fraud, he had the right to do this, provided he had not waived it and could put the defendants *in statu quo*. But he took the chance of being unable to convince the court and jury that he had not waived his right to rescind, and, if he should fail in this, he could not recover if he relied upon the single count, although the jury might find that he had been defrauded. If there was fraud, and he did not succeed in rescinding the contract, he certainly ought to have the right to recover damages for the injury he had suffered, if any. Had defendants consented to rescission, and acted upon it, the case would have been different, for there might then have been an estoppel; but there is nothing in the nature of an estoppel here. We have frequently held that one is bound by his choice between inconsistent rights or remedies; but, where there is no estoppel, this cannot usually be, unless the person really had a right of election. In this case the plaintiff claimed that he had a right to rescind, and tried to rescind, but he did not succeed, either because he really had no such right or because he failed to seasonably assert it. He supposed that he had a remedy growing out of rescission, but it turned out that he was mistaken, and this left him the right to recover for the fraud, if there was fraud. This subject was discussed in *McLaughlin* v. *Austin*, 104 Mich. 491; *Chaddock* v. *Tabor*, 115 Mich. 33; *Sullivan* v. *Ross' Estate*, 113 Mich. 316. It is a common practice to permit the joining of counts which state the cause of action differently, to prevent a possible variance between the declaration and the proof. The plaintiff should not have been required to elect between the counts of his declaration.

The case being tried upon the theory of rescission, it

was competent for the plaintiff to offer testimony to explain the delay in commencing the suit and excusing laches. The testimony of Mr. Coombs was offered for that purpose. Being excluded, we cannot tell whether it would have sustained the claim of counsel or not, but we think that he should have been permitted to introduce such proof.

We think a discussion of other questions raised unnecessary. The judgment is reversed, and a new trial ordered.

The other Justices concurred.