SHANAHAN v. COBURN.

SALE—PAYMENT—TITLE—FAILURE OF CONSIDERATION — ELECTION OF REMEDIES.

Plaintiff sold wheat to J., to be paid for on delivery on the cars. J. consigned the wheat to C., depositing with defendant a draft therefor, with bill of lading attached. C. paid the draft, but plaintiff, not having received his pay, replevied the wheat *in transitu*, whereupon C. sued the sheriff in trover. Both suits were afterwards discontinued on C.'s assigning to plaintiff his claim for the money paid to defendant on the draft, and plaintiff brought suit therefor, on the theory that the consideration for the payment had failed. *Held*, that, J. having no title to the wheat, none passed to C., and hence the bringing of the trover suit was not an election, but a mistake, of remedies, and would not bar plaintiff's action.

Error to St. Clair; Whipple, J. Submitted November 20, 1901. Decided December 3, 1901.

*Assumpsit* by Michael P. Shanahan against Frederick G. Coburn for money had and received. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

Plaintiff, a farmer, sold to one Joyce, a grain buyer, about 800 bushels of wheat, to be delivered and put into

cars furnished by Joyce. Defendant, Coburn, was a banker at Memphis, Mich. The sale by plaintiff to Joyce was for cash. As fast as the grain was put into the cars, Joyce consigned them to Carson, Craig & Co., of Detroit, procured bills of lading, attached them to drafts, and deposited them in defendant's bank, who at once forwarded them to Detroit for payment. Carson, Craig & Co. honored the drafts, and paid them immediately to defendant, Coburn. Joyce at that time was largely in debt to Coburn, who knew that plaintiff had sold his wheat to him. As soon as the last wheat was drawn and delivered, plaintiff demanded his pay of Joyce. Joyce gave him a check on Coburn, which was dishonored because Joyce had no funds in the bank. Plaintiff then replevied the wheat *in transitu* at Port Huron. Carson, Craig & Co. brought an action of trover against the sheriff. The sheriff gave notice with his plea that plaintiff was the owner of the wheat, and that no title had passed to Joyce. Afterwards those suits were settled and discontinued, and Carson, Craig & Co. assigned their right of action against Coburn to the plaintiff. Plaintiff brought this suit to recover the money paid by Carson, Craig & Co. to Coburn upon the drafts, upon the ground that the consideration for them had failed. The court directed a verdict for the defendant upon the sole ground that Carson, Craig & Co., by suing the sheriff in trover, had elected to claim the ownership of the wheat by reason of the payment by them of these two drafts to defendant, and that that claim was inconsistent with the claim now set up by the plaintiff, their assignee.

*Hovey & Stockwell* and *James A. Muir*, for appellant.

*Law & Moore*, for appellee.

GRANT, J. ( *after stating the facts* ). Was this instruction correct? This is the sole question presented. The court, we think, clearly confounded an election of remedies with a mistake in remedies. The court instructed the jury that, as between Joyce and plaintiff, it

was a cash transaction, and that no title to the wheat passed to Joyce. It follows that Carson, Craig & Co. had no right of action against the sheriff, who had a complete defense to that action. Upon ascertaining this fact, they were justified in discontinuing that suit, and bringing an action to recover the money paid. *McLaughlin* v. *Austin*, 104 Mich. 489 (62 N. W. 719); *Chaddock* v. *Tabor*, 115 Mich. 27 (72 N. W. 1093); *Smith* v. *Bricker*, 86 Iowa, 285 (53 N. W. 250); *McNutt* v. *Hilkins*, 80 Hun, 235 (29 N. Y. Supp. 1047). It is not a case of election of remedies, but of mistake of remedies.

Judgment reversed, and new trial ordered.

The other Justices concurred.