FIRST NATIONAL BANK OF REED CITY *v.* SWEET.

RES JUDICATA—MISTAKE OF REMEDY—ACTION ON NOTE—REPLEVIN
OF MORTGAGED CHATTELS.

> A note, and mortgage on personalty belonging to a wife, pur-
> ported to be signed by the husband and wife. The payee sued
> on the note, and, failing to recover against the wife, on the
> ground that the debt was not hers, took no judgment against
> the husband. *Held*, that the plaintiff mistook its remedy in
> that suit, and was not precluded from maintaining replevin
> for the mortgaged property.

Error to Osceola; McAlvay, J. Submitted February
23, 1904. (Docket No. 98.) Decided May 31, 1904.

Replevin by the First National Bank of Reed City
against John Sweet and Catherine Sweet. From a judg-
ment for defendants on verdict directed by the court,
plaintiff brings error. Reversed.

*Charles A. Withey* (*J. B. Judkins* and *J. E. Richard-
son*, of counsel), for appellant.

*McKnight & McAllister* and *C. H. Rose*, for appellee
Catherine Sweet.

MOORE, C. J. This is an action of replevin for property
described in a chattel mortgage which plaintiff claims was
given to it by the two defendants, who are husband and
wife. The defendant Catherine Sweet claims she never
authorized the giving of the mortgage. From a judgment
directed by the judge in favor of defendants, the case is
brought here by writ of error.

The mortgage was given to secure the payment of a
debt evidenced by a note which the plaintiff claims was
signed by both defendants. The case was decided without
going into the proofs, the same judge having presided at

both trials. Previous to the bringing of the replevin suit, the plaintiff, seeking to obtain a personal judgment against defendants, sued them upon the note.

The bill of exceptions in this case, after showing that the judge directed a verdict in the case at bar because he thought the prior suit was *res adjudicata* of this one, states:

"The previous case referred to in the above ruling was a case by this plaintiff against these same defendants upon the same note referred to above, which note was secured by the chattel mortgage in question in the suit at bar. The former action was in *assumpsit* to enforce payment of the note. The plaintiff claimed in that case that Catherine Sweet's name was signed to both note and mortgage by her husband, John Sweet, acting by both general and express authority to do so; that the note and mortgage was the culmination of a long deal and numerous loans made from time to time by the bank to the Sweets. The plaintiff claimed in the first case that it knew Catherine Sweet owned all of the property, and that her husband was financially worthless; that the money was loaned exclusively to Mrs. Sweet, for her sole use and benefit, and that John Sweet was simply a voluntary signer; that he usually and continuously acted as the agent of his wife, and signed her name to notes and mortgages habitually, and did so in that instance with her express authority; that they looked to Mrs. Sweet alone, and not to John Sweet, for the payment of the money, and as the responsible party.

"On the trial of that case, the defendants put in evidence, as part of the cross-examination of L. K. Parkhurst, who is president of the plaintiff bank, a letter written by him to the Sweets, in which it was expressly stated that the debt was a joint or mutual one; and it appeared in the evidence that the bank had on several occasions loaned small sums to John Sweet. At the close of the plaintiff's proofs, the court directed a verdict in favor of Catherine Sweet, holding that the proofs showed conclusively that the debt was a mutual or joint obligation; that the money was not loaned exclusively to Mrs. Sweet, for her sole use and benefit, and that the proofs did not trace the proceeds of the note to the exclusive use of her separate estate; that John Sweet was liable, and, as he had defaulted in

the case, and did not defend, the plaintiff could take judgment against him if it desired. It did not do so, and the case ended there."

The question involved is, Was the court right in his ruling that the case is *res adjudicata?* Counsel for defendant say the same subject-matter was in litigation between the same parties on the same indebtedness, and was tried upon a certain theory and claim, which, if true, would authorize a recovery in the former suit; and that a party cannot commence a suit and prosecute it on one theory and claim, and, when defeated, commence another suit in relation to the same matter upon a different theory and claim; and that plaintiff seeks to do that in this case. On the other hand, counsel for plaintiff say that because the note was decided in the other case not to have been given for the sole benefit of Mrs. Sweet, and in relation to her sole property, the bank failed to accomplish what it sought in that case, to wit, to get a personal judgment against her, which shows it had mistaken its remedy under the facts disclosed by the proofs in the case, and that now it is pursuing the right remedy, and is not precluded from so doing. It is not disputed that, unless the note was given for the debt of Mrs. Sweet, a judgment could not be obtained against her in a suit brought upon it. Nor is it disputed that she might give a chattel mortgage that would bind her, even though the debt secured by the mortgage was not hers, but was the joint debt of herself and husband, or was the debt of the husband alone; but it is said, the plaintiff having in the former suit claimed it was her debt, that its claim here is inconsistent with that claim; that it is now shifting its position, which it is not entitled to do.

In *McLaughlin* v. *Austin,* 104 Mich. 489 (62 N. W. 719), it was said:

"No rule is better settled than the proposition that one having the choice of two inconsistent remedies is bound by an election, and that suit brought upon one precludes a

subsequent resort to the other claim. Thus, one may waive a tort by bringing an action in *assumpsit*, or may lose his right to bring *assumpsit* by commencing an action for the wrong committed. One may sometimes rescind a contract, and assert title to property that he has parted with, or he may affirm the contract; but he cannot do both. Having elected by bringing an action upon one theory, he has no right afterwards to sue upon the other. *Thompson* v. *Howard*, 31 Mich. 312, and cases cited; *Brown* v. *Littlefield*, 11 Wend. 467; *Id.*, 1 Wend. 398; *Morris* v. *Rexford*, 18 N. Y. 557; *M'Elroy* v. *Mancius*, 13 Johns. 121; *Sanger* v. *Wood*, 3 Johns. Ch. 416. This rule is not inconsistent with the practice of bringing a second and different action where it appears that the plaintiff never had a right of action as first brought, and therefore could not have elected. There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions, upon which recovery could not be had. *Morris* v. *Robinson*, 3 Barn. & C. 196; *Peters* v. *Ballistier*, 3 Pick. 495; *Butler* v. *Hildreth*, 5 Metc. (Mass.) 49.''

This was quoted with approval in *Sullivan* v. *Ross' Estate*, 113 Mich. 311 (71 N. W. 634, 76 N. W. 309). The court then cited *Fifield* v. *Edwards*, 39 Mich. 264; *McKinney* v. *Curtiss*, 60 Mich. 611 (27 N. W. 691); *Farwell* v. *Myers*, 64 Mich. 234 (31 N. W. 128); 2 Black, Judgm. § 715; *Chaddock* v. *Tabor*, 115 Mich. 27 (72 N. W. 1093); and then said:

"It will appear from the authorities cited that if, in choosing his remedy, he [plaintiff] has made a mistake, and for that reason failed, he is not cut off from pursuing the right remedy."

Under the claim made by Mrs. Sweet in the former case, and the facts found by the circuit judge, the plaintiff never had a right of action against Mrs. Sweet upon the note; but it does not follow that it may not enforce the chattel mortgage, which was not involved in the issue determined by that litigation. We think the court erred in refusing

to hear testimony upon the issue as presented in this case, and in directing a verdict.

The judgment is reversed, and a new trial ordered.

CARPENTER, GRANT, and HOOKER, JJ., concurred. MONTGOMERY, J., took no part in the decision.