MARY A. ZIMMERMAN, Appellee, v. ROBINSON & COMPANY, Appellant.

**Election of remedies.** To constitute an election of remedies there must be two or more concurrent, inconsistent remedies, one of which the party, by bringing his action, or some other decisive act, has chosen after a full knowledge of all the facts. Under this rule an unsuccessful action to recover the price paid for property on the theory of a rescission of the purchase, will not preclude another action for breach of warranty, the former action being a mistake as to remedy.

**Verdict.** A verdict which has support, though the evidence is conflicting, will not be disturbed on appeal.

*Appeal from Franklin District Court.*— HON. J. H. RICH-ARD, Judge.

TUESDAY, MARCH 14, 1905.

THE opinion states the case.

*E. P. Andrews,* for appellant.

*John M. Hemingway,* for appellee.

WEAVER, J.— In the year 1890, O. C. Zimmerman, the plaintiff's assignor, purchased a threshing machine from the defendant. The contract was in writing, and contained a warranty of the machine. The notes given by Zimmerman for the purchase price were transferred before maturity, and he has been compelled to pay them. It is claimed that the machine did not conform to the warranty, and the right of action based upon said alleged breach has been assigned to the plaintiff. In the year 1900 the plaintiff instituted her action at law alleging that the contract of purchase had been rescinded by Zimmerman on account

of the alleged breach of warranty and demanding recovery for the amount paid in discharge of the notes given for the purchase price. Later, by an amendment to the petition, an additional count was stated, setting up an alleged breach of warranty and asking damages; but, being required by the court to elect upon which demand she would proceed to trial, plaintiff again amended her petition, restoring it, in substance, to its original form, basing her alleged right of recovery solely upon a rescission of the contract of purchase. Trial of the issue joined upon the petition resulted in a judgment for the plaintiff. On appeal to this court it was held that no rescission of the contract had been made, and the judgment was reversed, and the cause remanded for a new trial. *Zimmerman v. Robinson,* 118 Iowa, 117. Thereupon the plaintiff abandoned her claim of rescission, set up a cause of action based upon the alleged breach of warranty, and demanded a recovery of damages. The defendant admits the sale of the machine under a warranty contained in the written contract, but denies there was any breach of such warranty, alleges that Zimmerman failed to comply with the terms on which the warranty was made to depend, and further pleads that plaintiff, having formerly prosecuted her claim by suing upon an alleged rescission of the contract, must be held to have made an election of the remedy upon which she would rely, and is thereby precluded from maintaining an action for damages.

I.   The principal question presented by the record turns upon plaintiff's alleged election of remedies. Let us first consider what is meant in law by " an election of remedies." It not infrequently happens that
1. ELECTION OF REMEDIES.   for the redress of a given wrong or the enforcement of a given right, the law affords two or more remedies. Where these remedies are so inconsistent that the pursuit of one necessarily involves or implies the negation of the other, the party who deliberately

and with full knowledge of the facts invokes one of such remedies is said to have made his election, and cannot thereafter have the benefit of the other. To the proper application of this rule at least three things are essential: (1) There must be in fact two or more concurrent remedies between which the party has the right to elect; (2) the remedies thus open to him must be inconsistent; and (3) he must, by actually bringing his action, or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies. It follows necessarily from this rule that, if the party has in fact only one remedy, but in the mistaken belief that he has another attempts to enforce it, the doctrine of election is inapplicable, for no choice was ever open to him. Where either of two remedies are available, there may be a tactical advantage to be gained by pursuing one, rather than the other; but in a legal sense no mistake is committed if either be chosen. Where but one remedy exists the unavailing effort to enforce another does not constitute an election or estoppel which prevents a resort to the proper action. This distinction is upheld by the authorities generally, and has often been reiterated by this court. In *Elevator Co. v. R. R.,* 97 Iowa, 719, the general subject is quite fully considered. There may be doubt whether the facts in that case called for an application of the rule as to the election of remedies, but the statement and discussion of the rule itself are in harmony with the views we here express. It is there said that a party is bound by his election " when he has a right to choose one of two modes of redress and the two are so inconsistent that the assertion of one involves the negation of the other;" and again, " where a man has an election between several inconsistent courses of action, he will be confined to that one he first adopts." After reviewing the authorities, we prefaced the application of the doctrine of election of remedies to the controversy then before the court as follows: " It is clear, under the rule of the cases we

have been considering, that, if the right to elect existed," then the act of plaintiff amounted to election. With this as a foundation, the remainder of the majority opinion is devoted entirely to an attempt to demonstrate that plaintiffs did in fact have two concurrent remedies, to wit, the right of stoppage *in transitu* and the enforcement of their claim as a lien against the property for its purchase price, and the right to rescind the sale entirely and reclaim the property in specie. Having these two inconsistent remedies, it was held that the act of plaintiff in retaking possession by a writ of replevin amounted to a choice to rescind.

We had occasion to again consider the same question in the recent case of *Redhead Bros. v. Cattle Co.,* 126 Iowa, 410, and stated the rule as follows: " An election exists only where two or more inconsistent remedies are open to a party, and he is at liberty to pursue any one of them. It cannot exist between consistent concurrent remedies, or between a rightful remedy and one which the party may mistakenly suppose to be applicable." All the Iowa cases cited by counsel are in strict harmony with the rule here quoted. *Klocow v. Patten,* 93 Iowa, 432; *Theusen v. Bryan,* 113 Iowa, 496; *Elliott v. Ins. Co.,* 109 Iowa, 39, Turning to other jurisdictions, we find a very general agreement to the rule which we have adopted. In *Van Norman's Case,* 43 N. W. 334, the Supreme Court of Minnesota, after stating the general rule as to election between two existing inconsistent remedies, adds: " But we think it equally true that a mere attempt to pursue a remedy or claim a right to which the party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of that which he had originally a right to resort to or claim. . . . We know of no principle of law which imposes upon a party any other or greater penalty for attempting to assert a right to which he is not entitled than the judgment for damages and costs awarded against him

in the action." In *Kinney v. Kiernan,* 49 N. Y. 164, the court says: " The institution by a party of a fruitless action which he has not the right to maintain will not preclude him from asserting the rights he really possessed." To same effect, see *McNutt v. Hilkins,* 80 Hun, 235 (29 N. Y. Supp. 1047). This proposition is quoted and followed by the Wisconsin court in *Fuller-Warren Co. v. Harter,* 110 Wis. 80 (85 N. W. Rep. 698, 53 L. R. A. 603, 84 Am. St. Rep. 867). The California court says: " If plaintiff was mistaken, and undertook to avail himself of a remedy that he was never entitled to, this does not prevent him from subsequently availing himself of a remedy which he is entitled to under the facts in the case. . . . No case has been called to my attention, nor do I believe any can be found, which holds that a person is estopped from pursuing a remedy that he is entitled to because he has attempted to avail himself of another remedy that he was never entitled to." *Agar v. Winslow,* 123 Cal. 587 (56 Pac. Rep. 422, 69 Am. St. Rep. 84). *Sullivan v. Ross* (Mich.) 76 N. W. Rep. 309, is quite in point with the present case. There the plaintiff began proceedings to collect a claim based on an alleged oral agreement. In defense the oral contract was denied, and reliance had upon a written agreement. Plaintiff pursued his supposed remedy upon the oral contract through several trials in the lower court and three appeals to the Supreme Court, until it was finally adjudged that he had no such right of recovery. He then amended his claim to conform to the holding of the Supreme Court, and demanded recovery upon the written contract, and in this he was sustained upon another appeal. The court there, says: " There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions upon which recovery could not be had." Without further quotations from the decisions, we may cite to the

same general effect; *Glover v. Radford,* 120 Mich. 542
(79 N. W. Rep. 803) ; *McLaughlin v. Austin,* 104 Mich. 491
(62 N. W. Rep. 719) ; *Morris v. Rexford,* 18 N. Y. 552;
*Miller v. Hyde,* 161 Mass. 472 (37 N. E. Rep. 760, 25 L. R.
A. 42, 42 Am. St. Rep. 424) ; *Snow v. Alley,* 156 Mass. 193
(30 N. E. Rep. 691) ; *Johnson-Brinkman Commission Co.
v. R. R. Co.,* 126 Mo. 344, (28 S. W. Rep. 870, 26 L. R. A.
840, 47 Am. St. Rep. 675) ; *Bunch v. Grave,* 111 Ind. 351
(12 N. E. Rep. 514) ; *Kittredge v. Holt,* 58 N. H. 191;
*Standard Oil Co. v. Hawkins,* 74 Fed. 395 (20 C. C. A.
468, 33 L. R. A. 739) ; *Gibbs v. Jones,* 46 Ill. 319; *While
v. Whiting,* 8 Daly, 23; *Powell·v. R. R.,* 16 Or. 33 (16
Pac. Rep. 863, 8 Am. St. Rep. 251).

Under the law as above stated, we think the appellee's
act in endeavoring to enforce a recovery on the theory of a
rescission .of the contract is not to be held an election of
remedies.  The result of the former trial was to demon-
strate that there was no rescission, and that plaintiff's only
remedy was for a breach of warranty.  In the language of
the cited cases such act indicates a mistake of remedy, and
not a choice between two or more remedies, either of which
was open to the plaintiff.  It should be further noted in
this connection that the authorities are substantially unani-
mous in the proposition that, even where two or more in-
consistent remedies exist, if the election between them is
made without knowledge of all the material facts, it does
not preclude the party from a subsequent choice.  In the
case at bar the appellant is a foreign ·corporation, which
was represented in its dealings with Zimmerman by differ-
ent agents and employés.  The claim of rescission upon
which the appellee relied under the issue first joined was
based on an alleged tender or offer of return made by Zim-
merman to, or upon a waiver of such return by, a certain
agent, who it was supposed or believed was duly authorized
to receive it.  The record of the testimony on the trial led
this court to conclude that no such authority in fact existed,

and, therefore, that plaintiff's right of action, if any, was upon the breach of warranty alone. We are not prepared to say that a misapprehension as to the extent of the authority of an agent sent out by a nonresident corporation having at the time, as was here shown, no resident local agent to whom application could be made, was not such a mistake as would prevent the application of the rule · as to the election of remedies.

II.   Complaint is made of an instruction given by the trial court that no consideration should be given a provision in the contract by which, under certain given conditions, the purchaser was required to test the machine in competition with another machine. In this there was no error. The case was tried, as to this feature of the controversy, upon the transcript of the testimony taken upon the former trial and before us upon the former appeal. We there held that the record presented no case requiring such test, and the trial court properly observed the rule there announced as the law of the case. We find no inconsistency in the instructions as argued by counsel. Numerous exceptions are taken to the rulings of the court upon the admission of testimony. We cannot extend this opinion to discuss them severally. A careful examination of the record as to each of the points made leads us to the conclusion that no prejudicial error is shown.

Nor can we agree with counsel that there is no testimony upon which the finding of a breach of warranty can be upheld. There was evidence tending to show that at least in certain kinds of grain for the threshing of which the machine was intended it proved a practical failure. It is true this was denied by witnesses for defendant, but the fact was for the jury to decide.

2. VERDICT.

The judgment of the district court is *affirmed.*