WILSON *v.* KNAPP.

1. Election of Remedies—When Presented.

Complainant, having bought land on contract from defendant who acquired it from her deceased husband by will, refused to pay his last payment unless defendant obtained authority from the probate court to deed the land to him, and brought suit for breach of contract, in which he was defeated. *Held,* that since he never had a right of action for breach of contract, his bringing the suit was not an election to rely thereon and did not bar his subsequent suit for specific performance on being refused a deed.

2. SPECIFIC PERFORMANCE—PROPRIETY—PART PERFORMANCE.

　Where a purchaser of land has taken possession, made improvements, and paid all the installments of the purchase price as agreed except the last, he is entitled to specific performance, though he has brought and been defeated in an action for damages for breach of contract against the vendor on the theory that the proffered deed of the vendor would not convey the title.

Appeal from Oakland; Smith, J. Submitted November 8, 1905. (Docket No. 52.) Decided February 26, 1906.

Bill by Walter H. Wilson against Clarissa Knapp to compel the specific performance of a land contract. From a decree for complainant, defendant appeals. Affirmed.

*James H. Lynch,* for complainant.

*Perry & Stockwell,* for defendant.

McALVAY, J. On January 1, 1900, complainant entered into a contract in writing with defendant for the purchase of a certain lot in the village of Oxford, Oakland county, which defendant agreed to convey in fee simple for the sum of $125 in installments with interest. Defendant acquired title to this property from her deceased husband by will. Complainant, upon his purchase, went into possession and made improvements upon the lot and began to erect a building thereon. The payments of the purchase price and interest were made promptly. At or about the time the last payment became due, complainant insisted that defendant should give him a "probate deed," probably meaning a conveyance authorized by the probate court. The attorney for defendant offered complainant a warranty deed signed by defendant, together with her son and his wife, stating the same would be acknowledged and delivered to him. He refused this deed, insisting on an order from the probate court. Complainant then, upon the assumption that the failure to obtain a pro-

bate deed and the offer of the warranty deed was not in compliance with the contract, by his attorney began suit against defendant, claiming damages for the nonperformance of the contract. Defendant pleaded the general issue, giving notice that she had been, and then was, ready to execute and deliver a warranty deed of the premises in dispute, and made proffer of such deed executed by herself and her son and his wife. On the trial the court directed a verdict for defendant of no cause of action. Later the complainant tendered the balance due on the contract with interest, and demanded a deed from defendant, which she refused to give. He then deposited the amount due with the clerk, and filed his bill of complaint in this cause to compel specific performance of the contract. By order of the court he has paid all of the costs taxed against him in the suit at law.

It is insisted, on the part of the defendant in this suit, that complainant, having elected a remedy in his suit at law, is estopped from maintaining a suit in equity to enforce specific performance of the contract; therefore, that the judgment in the law case is res adjudicata and conclusive; that defendant has not such title that specific performance can be compelled. The first contention of the defendant is upon the theory that the suit at law was an election of remedies by complainant, and, having proceeded to judgment, that judgment is conclusive between the parties to this controversy. It is clear that if this suit at law for damages was an election of remedies by complainant, he would be estopped from taking the inconsistent position of enforcing the same contract specifically in this suit, and that judgment would be res adjudicata. In the law case defendant insisted that she at all times had been ready and willing to perform, and presented the deed she was then willing to deliver, and the trial court held that complainant was not entitled to recover, and directed a verdict on motion of defendant. The substance of the defense to the lawsuit was that complainant had no remedy at law. There was no denial but that the purchase price excepting

the last payment had been paid. Defendant insisted that the contract was still in force, and recognized her obligation to convey. Without doubt she was correct. That suit was ill advised. There had been, in fact, no default on defendant's part. No right of action had accrued to complainant. He should have accepted his deed and made his final payment. There appears to have been no dispute as to the facts presented to the court in the law case. In this record the same facts also appear without dispute.

The rule that a party, having elected by bringing an action upon one theory, has no right afterwards to sue upon another, is well recognized by this court. *McLaughlin* v. *Austin*, 104 Mich. 489, and cases cited. In that case, however, the court said:

" This rule is not inconsistent with the practice of bringing a second and different action, where it appears that the plaintiff never had a right of action as first brought, and therefore could not have elected. There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims, merely because of attempts to collect them by inappropriate actions upon which recovery could not be had."

In a later case before this court several times, *McLaughlin* v. *Austin*, supra, was cited and approved. *Sullivan* v. *Ross' Estate*, 113 Mich. 318, and cases cited. See, also, *First Nat. Bank of Reed City* v. *Sweet*, 136 Mich. 615. Complainant in the suit at bar never had a right of action as first brought, and therefore could not have elected. The judgment in the law case was not res adjudicata, nor conclusive upon the controversy between the parties. To hold otherwise would be sustaining the inconsistent positions of this defendant, who in the case at law insisted that she was not in default, and offered the deed to complainant thereby defeating that action, and in this suit refusing to deed, for the reason that the judgment in the former case is conclusive against complainant.

As before stated, the defendant derives her title from her husband by will. Complainant asks that she be decreed to deed him such interest as she may have in the premises, being willing to accept such title as she possesses. The equities of the case are all with the complainant. Since the suit at bar he has done nothing to place himself in default. He has been in possession since January 1, 1900, making improvements up to the commencement of this suit, and has tendered the entire amount due. Defendant has retained the entire amount of the purchase price paid to her. The parties cannot be placed in statu quo. Complainant is entitled to have the contract specifically enforced, upon payment of the balance of the purchase price tendered by him, with interest to the commencement of this suit.

The decree of the circuit court is affirmed, with costs.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.