ZUEHLKE v. STONE.

SHERIFFS — WRONGFUL LEVY — EXECUTION AGAINST HUSBAND —
PROPERTY HELD BY ENTIRETIES— DEFENSES— ESTOPPEL— FAIL-
URE TO ASSERT TITLE.

Where a sheriff levied upon property as that of the husband,
and neither the husband or wife, though present at the time
of levy, inventory, and appraisement, claimed that the wife
had any interest therein, or that they were holding the prop-
erty as tenants by the entirety, but permitted the sheriff to
treat the property as that of the husband, they are estopped
to thereafter assert that the title to the property was other
than in the husband.

Error to Sanilac; Beach, J. Submitted April 15, 1907.
(Docket No. 91.) Decided May 18, 1907.

Trespass vi et armis by Charles Zuehlke and Mary
Zuehlke against Maitland M. Stone, sheriff of Sanilac
county. There was judgment for plaintiffs, and defend-
ant brings error. Reversed.

*C. F. Gates*, for appellant.

*E. C. Babcock*, for appellee.

MOORE, J. In November, 1905, the defendant, as sher-
iff, had an execution against the goods and chattels of
plaintiff Charles Zuehlke, issued out of justice's court,
and of him demanded payment, which was refused, where-
upon the sheriff levied upon certain property, among other
things a team and harness which were afterwards sold.
Later this suit was brought. The declaration filed in the
case claimed the property levied upon to be exempt, and
charged, "which said team and harness was then worth
not more than $160," and claimed damages by reason of
the defendant not leaving sufficient exempt property as
required by law. The case was tried by the court with-

out a jury.   Findings of fact and conclusions of law were filed.   The case is here upon those findings and exceptions.

The judge found among other facts:

"10. The team and harness were taken by the sheriff on the 13th day of November, 1905, and demand in'writing was made the next day for its return by the sheriff by Charles, and refused, and property subsequently sold by the sheriff at public sale.   Charles and father-in-law were present and bid at the sale, and neither of them raised any objection to the sale at the sale.

"11. That both of the plaintiffs were present at the time of the levy and inventory, and neither of them claimed that the plaintiff Mary Zuehlke had any interest whatever in and to any property appraised, or that they were holding any such property as tenants in the entirety.

"12. That both of the said plaintiffs were present when the sheriff made the inventory of the property and when the appraisers appraised the same, and the sheriff, in the presence of both of said plaintiffs, fully explained to them their rights of selection and neither of the said plaintiffs made any claim that the plaintiff Mary Zuehlke, had any interest in any of said property or that any of the said property was held as tenants by the entirety, but plaintiff Mary Zuehlke started up the horses that plaintiff Charles Zuehlke was driving so that said plaintiff would not make any selection."

The judge found as a conclusion of law that the property was the "joint property of Charles and his wife, and not subject to levy for the individual debt of Charles. The record of the deed to Charles and wife was notice of character of the ownership of such property"—and found a judgment in favor of plaintiffs.   A great many interesting questions are presented by counsel which we think it unnecessary to discuss.

The sheriff had placed in his hands an execution.   It was his duty to collect the same, if he could.   He levied upon considerable property which he found upon the farm worked by Charles Zuehlke.   Included in this property was the property in controversy. The sheriff urged Charles to take the team as exempt. He refused

to do so.   When the appraisers completed their appraisement, they advised him also to select the team.   Again he refused.   The sheriff then set out from the property levied upon, property as exempt, of the appraised value of $333.75 and proceeded, as before stated, to make a sale of the balance.   The plaintiffs both knew what the sheriff was doing.   He was evidently attempting in good faith to perform his duty under the writ.   The plaintiffs permitted him to treat the property as the property of Charles Zuehlke when it is now claimed it was not his property, and was known by plaintiffs at the time not to be his property.   Good faith required the plaintiffs to advise the sheriff of the exact situation.   This they did not do, and we think now they should be estopped from asserting title to this property.

Judgment is reversed, and new trial ordered.

McALVAY, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.