## HOLMES *v.* SMITH.

1. APPEAL AND ERROR—REVIEW — QUESTIONS CONSIDERED — REC-
   ORD—MATTERS NOT PRESENTED BELOW.
   Matters not contained in the bill of exceptions, and matters not
   presented in the court below, will not be considered by this
   court on error.

2. ESTOPPEL—TITLE TO PROPERTY—FAILURE TO ASSERT—QUESTION
   FOR JURY.
   Where plaintiff in trover contends that she asserted her title
   to the property in suit when the chattel mortgage upon which
   it was seized was given by her husband and refused to ex-
   ecute it; that she again asserted her title when the officer
   attempted to take the property under the mortgage, and did
   not allow him to take it until it was replevied, the question
   whether she is estopped to claim the property by her silence
   is for the jury under proper instructions, her testimony be-
   ing contradicted.

3. ELECTION OF REMEDIES — ASSUMPSIT —WAIVER OF TORT — PRE-
   MATURE ACTION.
   The bringing of an action of assumpsit, waiving tort, under
   section 10421, 3 Comp. Laws, after plaintiff's property has been
   seized on a writ of replevin, is not an election of remedy bar-
   ring a subsequent action of trover for the same property, where,
   at the time of bringing the action of assumpsit, the defend-
   ant had not sold the property and therefore had not con-
   verted it.

Error to Kent; Perkins, J. Submitted June 19, 1907.
(Docket No. 20.)  Decided July 15, 1907.

Trover by Ellen Holmes against Emma Smith. There
was judgment for plaintiff, and defendant brings error.
Affirmed.

*Thompson & Temple*, for appellant.

*Holmes & Holmes*, for appellee.

MOORE, J.  This is an action in trover brought for the

value of live stock and other personal property which plaintiff claims she owned, and alleges defendant improperly converted. The case was tried before a jury, which rendered a verdict in favor of the plaintiff. The case is brought here by writ of error.

Counsel for appellant argue several matters which are not contained in the bill of exceptions. They also argue for some propositions not presented in the court below. As to these arguments, they will not be considered upon this record. We have examined the assignments of error in relation to the admissions of testimony, and find no reversible error therein.

The plaintiff in this suit is a married woman who, in November, 1904, lived with her husband on a rented farm. The husband was in debt for rent. A chattel mortgage was drawn, the beginning of which reads as follows:

" Know all men by these presents, that George Holmes and Ellen Holmes, his wife, of the township of Walker, Kent county, Mich., of the first part, being justly indebted unto Emma Smith, of Saratoga Springs, N. Y., of the second part, in the sum of two hundred thirty-seven dollars, have, for the purpose of securing payment of said debt," etc.

The mortgage was in the usual form and described live stock and other property. It was not drawn in the presence of Mrs. Holmes. After Mr. Holmes signed it, the mortgage was taken to Mrs. Holmes for her signature. She declined to sign it, and stated to the agent of the mortgagee that she was the sole owner of some of the property, and joint owner of other of the property described therein. Later, the mortgage was given for foreclosure to an officer who made a demand for the property. His demand was refused. There is a conflict in the testimony as to what occurred. The officer says Mrs. Holmes made claim only to the road wagon. She contends that she made claim to the property generally. The officer not succeeding in getting the property upon his demand,

it was obtained by suing out a writ of replevin, and later was sold upon the chattel mortgage. After the property was taken from the possession of Mr. and Mrs. Holmes, Mrs. Holmes sued Mrs. Smith in assumpsit. After the testimony was all in, but before the case had been submitted, the plaintiff discontinued this suit. Later she brought this action.

Two important questions are involved in the case. The first one is whether plaintiff is estopped because she failed to speak and assert title to the property when she ought to have spoken. Counsel for appellant say she made no claim to the officer of any interest in any of the property, except the road wagon, and the case is directly within *Zuehlke* v. *Stone*, 148 Mich. 478. We cannot agree with the counsel in this contention. Plaintiff contends she asserted title to the property when the chattel mortgage was given; that she again asserted it when the officer attempted to get the property upon the chattel mortgage, and did not allow him to take it until it was replevined. As before stated, the testimony was contradictory as to what occurred. This raised a question of fact for the jury, under proper instructions, as to the law of estoppel, which were given at length and correctly by the trial judge.

This brings us to the next important question, which is whether, by bringing assumpsit, which suit was discontinued without judgment, plaintiff made an election which would prevent her from afterwards bringing trover. Counsel say:

"The plaintiff had an action in tort or assumpsit. She waived her tort and brought assumpsit, and, having so elected, cannot, at this time, maintain this action of tort, when she had so elected to sue in assumpsit "—and cite many cases.

The officer took the property from the Holmes December 21, 1905. Mrs. Holmes commenced her suit in assumpsit on the same day. The property was sold December 28, 1905. The assumpsit case was brought under the

provisions of section 10421, 3 Comp. Laws. It was the claim of counsel that the action had been prematurely brought, as there had not been any sale of the property, and that assumpsit could not be maintained under the statute. The case was dismissed, and, as before stated, this proceeding was commenced. At the time of the first suit, the property was in the hands of the officer. The defendant in this case was not then guilty of a tort which might be waived. Justice HOOKER, speaking for the court, in *McLaughlin* v. *Austin*, 104 Mich. 491, after stating the general rule of the election of remedies, said:

" This rule is not inconsistent with the practice of bringing a second and different action, where it appears that the plaintiff never had a right of action as first brought, and therefore could not have elected. There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions upon which recovery could not be had."

This case is cited with approval in *Chaddock* v. *Tabor*, 115 Mich. 33; *Bryant* v. *Kenyon*, 123 Mich. 151; *Shanahan* v. *Coburn*, 128 Mich. 692; *First Nat. Bank of Reed City* v. *Sweet*, 136 Mich. 615; *Wilson* v. *Knapp*, 143 Mich. 67.

Chief Justice MONTGOMERY, in *Bryant* v. *Kenyon*, 123 Mich. 154, used the following language:

"The important question is the one determined by the circuit court, i. e.: Did the plaintiff, by bringing the action of assumpsit, waive the tort, and elect to treat the title of all of this wood as having passed to defendant? It is to be noted that, as to the wood then unsold and in defendant's hands, no tort had been committed for the defendant to waive. It is clear, therefore, that the action of assumpsit could not have waived such a tort."

The court further says in the same case:

" The election to waive such torts as had been committed was not an election to waive any tort which the defendant might commit in the future. Was the ineffect-

ual attempt to recover in assumpsit a sum not due a waiver of a future tort ? We think not."

See, also, *Kinney* v. *Kiernan,* 49 N. Y. 164; *In re Van Norman,* 41 Minn. 494; *Redhead* v. *Investment Co.,* 126 Iowa, 410.

The case was tried with a good deal of care by the circuit judge, and was submitted to the jury in an excellent charge.

Judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.