GEORGE BERRINGER v. GEORGE W. COBB AND LUTHER BEECHER.

*Contract of hire—Repugnant counts—Bill of particulars.*

1. In an action by a mining superintendent for his wages, evidence that a person impleaded as joint defendant had paid the employees of the firm, superintended its operations and given orders to the plaintiff is admissible to show his joint interest in the mine and his acquiescence in the contract of employment, even though he did not himself make it.

2. Pleading a special count in assumpsit does not estop the plaintiff from recovering under the common counts, if he abandons the special count at the outset and all his evidence is consistent with the common counts.

3. Joinder of repugnant counts in the same declaration does not preclude recovery on one of them; they do not nullify each other.

4. Omission to file a bill of particulars is unimportant if defendant, by demanding one, could preclude any surprise, and if plaintiff's case proceeded throughout upon the theory on which he recovered.

5. A contract is not vitiated by previous statements of one of the parties unless they were statements of fact rather than opinion and were made for the purpose of obtaining the contract, were relied on by the other party as a controlling reason for entering into it, and turned out to be false.

6. A mining superintendent sued for his wages, and his employers claimed the rent of the house he occupied, as offset. *Held,* that unless there was proof of a custom that the superintendent should have his house free of charge, the set-off must be allowed; and it seems that the plaintiff's testimony that he never heard of a superintendent's paying rent for his house was enough to leave the question with the jury.

Error to Marquette. (Grant, J.) Nov. 12–13.—Nov. 19.

ASSUMPSIT. Defendants bring error. Affirmed.

*F. O. Clark* and *Ball & Hanscom* for appellants. When one of two inconsistent remedies has been elected the right to pursue the other is lost: *Thompson v. Howard* 31 Mich. 309; *Vanneter v. Crossman* 42 Mich. 465; *Detroit v. Mich. Paving Co.* 38 Mich. 361; *Nield v. Burton* 49 Mich. 53;

*Wilmot v. Richardson* 2 Keyes 519 ; *Goss v. Mather* 2 Lans. 283 ; *Ward v. Day* 4 B. & S. 337 ; *Smith v. Hodson* 4 Term. 211 ; Broom's Max. 160 ; *Jewett v. Petit* 4 Mich. 508; *Rodemund v. Clark* 46 N. Y. 354 ; *Smith v. Baker* L. R. 8. C. P. 350 ; one cannot deny facts admitted by his pleadings: *State Stock Co. v. Ridsdale* 34 N. J. L. 429 ; *Byrne v. Hibernian Bank* 31 La. Ann. 81; *Iowa Co. v. Houston* 43 Ia. 485; *Fowler v. Stevens* 29 La. Ann. 353 ; *Durham v. Williams* 32 La. Ann. 962; *Sullivan v. Triumph Mining Co.* 39 Cal. 459 ; *Kingsberry v. Buchanan* 11 Ia. 387 ; *Ellwood v. Lannon* 27 Md. 200 ; *Carradine v. Carradine* 33 Miss. 698.

*Hayden & Young* for appellee. Plaintiff can include widely variant claims in different counts of his declaration : *Barton v. Gray* 48 Mich. 166–7 ; *Ives v. Williams* 53 Mich. 636 ; *McLennan v. McDermid* 50 Mich. 383 ; *Cook v. Perry* 43 Mich. 623 ; *Fuller v. Rice* 52 Mich. 435 ; and he can abandon his special count and sue on the common counts as explained by his bill of particulars ; *Wyman v. Crowley* 33 Mich. 84; recovery under the common counts is proper for services : *Hurst v. Litchfield* 39 N. Y. 377; 1 Chit. Pl. (16th ed.) 350.

MORSE, C. J.    Plaintiff filed a declaration against the defendants in assumpsit, averring specially that on the 19th day of May, 1881, he was employed by defendants as mining superintendent of the Rolling Mill mine owned by them, to take charge of said mine and works for one year from and after and including said 19th day of May, at a salary of $2500 for said year, payable monthly ; and that said defendants promised to retain him in such employment for the term and price aforesaid ; that in pursuance of such contract of hiring he entered such employment, and continued therein until November 1st, 1881, when they discharged him wrongfully, whereby he lost the wages and advantages he would have derived from said employment, and was out of work for the balance of the year.    He also alleged an indebtedness of the defendants to him under the common counts, on the 1st day of May, 1883, of three thousand dollars.

Upon the trial the plaintiff gave no evidence of his being discharged by the defendants ; but on the contrary testified that he was not discharged but continued at the mines the

whole year under his contract. He abandoned his special count early in the trial by the public statement of his counsel to the court, and based his claim to recover under the common counts for the balance of wages due and not paid, and also for machinery and materials sold by him to defendants. He obtained a judgment for $1594.47.

It is objected against this recovery by defendants (1st.) That there was no evidence tending to show that the defendant Luther Beecher was in any way connected with defendant Cobb in the contract of hire or in the running of the mine as a joint contractor; (2d.) The plaintiff's claim under the special count in the declaration was entirely inconsistent with the claim for wages proven by him under the common counts; that the assertion of indebtedness under the special count was a complete negation of the claim proven on the trial; and that the setting out of the special count and the adding of the common counts thereafter, must be considered as a deliberate election upon his part, as far as wages were concerned, to recover only upon the theory of the special count, and having so elected he could not change front upon the trial and recover upon an entirely different theory.

It is unnecessary to set out the evidence as to Mr. Beecher's connection with this hiring and his interest in the running of this mine. Without considering at all the evidence of what Cobb stated about the matter, there was an abundance of testimony authorizing the submission of this question to the jury, and we do not think the circuit judge erred in his charge relating to this part of the case. The payment of the pay-rolls by Beecher, his visits to the mine and personal superintendence of the same while there, his directions to plaintiff personally and by letter and through his son, and other facts and circumstances in the case, were sufficient to warrant the jury in finding that defendant Beecher was not only jointly interested with Cobb in the purchase and working of the mine, but that he knew of plaintiff's hiring and salary, and acquiesced in the same, although the contract was made with Cobb alone.

Nor do we think that the special count in the plaintiff's

declaration was such a solemn and binding statement of his cause of action as to preclude him from recovering upon the common counts in the manner he did. He made no claim and offered no testimony under this count upon the trial. He virtually abandoned it at once, as he himself was the first witness sworn, and his testimony was in perfect harmony with the theory upon which he obtained judgment. He also publicly abandoned it, as the record states, early in the trial. It would be going too far to say that he must be bound by one count in his pleading without some other action in the suit by him to sustain it. In our view he made an election to discard it in proper season, and was justified in proceeding as he did, under the common counts, to recover on the theory of his testimony as given in the outset of the trial. If he had given evidence under the special count and proceeded all through the trial until the case went to the jury, he could not then, at the last moment, have abandoned it and recovered under the common counts, as we held in *Wetmore v. McDougall* 32 Mich. 276. But there appears in the case at bar no action whatever by the plaintiff under the special count except to abandon it at once, and we are not prepared to hold that the mere pleading of it works any estoppel of his right to recover his wages for the time of his service, under the common counts.

It is not clear from the record whether plaintiff filed a bill of particulars under the common counts ; but if he did not, the defendants, by demanding it, could have precluded any surprise upon the trial as to his claim under these counts. *Hall v. Woodin* 35 Mich 67. And it does not seem from the record that there was any surprise, or any cause for surprise, upon the part of defendants, as the plaintiff's case from the beginning proceeded upon the one theory upon which he recovered judgment. The joining of two counts in a declaration, one of which is repugnant to the other, does not preclude a recovery upon one of them. They do not destroy and nullify each other. *Barton v. Gray* 48 Mich. 167.

The defendants also claimed that they were induced to hire plaintiff by reason of the false statement made by him

that he had worked the mine before and knew its condition, and that it contained a large body of ore in the body of the mine then filled with water, and allege error in the charge of the court in respect to this claim. We are satisfied that the circuit judge clearly and sufficiently stated the law on this point, as follows:

"If, gentlemen of the jury, you find from the evidence in the case that Mr. Berringer did make this statement, and if the defendants relied upon this statement in making this contract, and that but for this statement made by the plaintiff they would not have entered into this contract, then it would vitiate the contract; and in order to determine that, it is not enough for you to find that the representations were false, but you must find, first, that these statements were made for the purpose of obtaining the contract; that Mr. Berringer made these statements for the purpose of inducing the defendants, or the defendant Cobb, to enter upon this contract. You must further find that these representations were relied upon by the defendants in making this contract, and in consequence of them, and but for them that they would not have made or entered into the contract; and you must further find that they were false.

Now, gentlemen, a mere statement of opinion on the part of Captain Berringer as to the prospects of finding ore in the mine would not be such a representation as would in law entitle the defendants to rely upon them. It must be a representation of a fact or facts, and those facts must have been relied upon, and the defendants must prove that they were not true, in order to entitle them to a defense upon this branch of the case.

If, therefore, you find that he did make this statement, and that the defendants did rely on it in making their contract, and that it was false, then your verdict would be for the defendants on this branch of the case."

We find no error in the instructions[1] to the jury as to de-

---

[1] The court charged as follows:
"The defendants claim as an offset to any claim the plaintiff may have, if he has any, the rent of a house upon the premises known as the Rolling Mill mine. So far as that is concerned, gentlemen, it seems nothing was said in the contract in regard to the use of a house by the plaintiff. In the absence of any such agreement, and in the absence of a showing of any custom as to the agent using such a house free of rent, I charge you there would be an implied promise on the part of the plaintiff to pay such rent as that house was reasonably worth.

fendants' claim of set-off for rent of a house to plaintiff, or in any of the proceedings.

The judgment is affirmed with costs.

The other Justices concurred.

---

There is no evidence of any agreement in regard to it, nor is there any evidence in regard to any custom relating to it, and therefore during the lifetime of the contract up to the time that the defendants claim that they discharged the plaintiff, they would be entitled to an offset to the rent of the house for what it was reasonably worth.

By the COURT—I believe you abandon it for the rest of the time.

Mr. BALL—There was a couple of months after the expiration of the time.

Mr. HAYDEN—I would suggest, that if there was no intention on the part of the defendants to charge house rent, that they could not charge for it, any more than the plaintiff could charge for property in the absence of any agreement.

By the COURT—Gentlemen, I will say in regard to this, that there was no agreement; then in order to escape payment of the rent it must appear that there was a custom that superintendents of mines in the position that this plaintiff was in could receive their house rent free of charge. If there was such a custom, then these parties would have been considered to have made this contract with reference to that custom, and it is for you to determine, from the testimony, whether such a custom has been proven or not. If it has not been proven, then you must give the defendants the benefit of the rent of the house for what it was worth up to the time he was discharged. After that it would be for you to determine what the arrangement was between the parties.

If the plaintiff continued there under his agreement, the same rule would apply. If the hiring was only for a month, or from month to month, and you should find it terminated as the defendants claim, then what was the arrangement afterward? If, as George Berringer testified, it was the understanding or agreement that he was to look after the property for the house rent, then of course they could not charge for it.

Error was assigned:

*Eleventh.* Because the circuit judge instructed the jury in his oral charge: "In order to escape payment of rent, it must appear that there was a custom that superintendents of mines in the position that this plaintiff was in, could receive their house rent free; if there was such a custom, then these parties would have been considered to have made this contract with reference to that custom, and it is for you to determine from the testimony whether such a custom has been proven or not."

Defendants claimed that the only evidence on the point was that of Berringer, who said, "I never heard of a mining superintendent paying rent for the house he occupied."