## McLAUGHLIN v. HEBRON MFG. CO.

(Circuit Court, D. Rhode Island. July 1, 1909.)

### No. 2,888.

1. ABATEMENT AND REVIVAL (§ 54*)—ACTIONS THAT SURVIVE—ACTION FOR INJURIES—DEATH.

Where death does not ensue from the injuries complained of, but from other causes, an action for the injuries survives.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 255–278; Dec. Dig. § 54.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

2. DEATH (§§ 82, 83*)—ELEMENTS OF LIABILITY—PAIN AND SUFFERING—EARN-
ING CAPACITY DURING LIFETIME.

In an action for wrongful death, alleged to have ensued in consequence
of decedent's injuries, allegations of pain and suffering, and incapacity
to earn wages during life, were irrelevant.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 106, 107; Dec.
Dig. §§ 82, 83.*

Mental suffering as element of damages, see note to Chicago, R. I. &
P. Ry. Co. v. Caulfield, 11 C. C. A. 563.]

3. ACTION (§ 48*)—JOINDER—ACTION FOR INJURIES AND DEATH.

Counts for injuries received by plaintiff's intestate, from which death
did not ensue, were properly joined with counts for wrongful death, al-
leging that the death resulted from the injuries.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 48.*]

A. B. Crafts, for plaintiff.
Herbert Almy, for defendant.

BROWN, District Judge. This is a demurrer to a declaration for
negligence. The first and second counts allege that as a consequence
of injuries received the plaintiff's intestate was incapacitated to labor,
was rendered insane, and put to great expense for medical attend-
ance, etc. Neither the first nor second count alleges that death
ensued in consequence of the injuries. Where death does not ensue
from the injuries complained of, but from other causes, an action
survives, but of different character from that which is given by the
statute in case of death. Lubrano v. Atlantic Mills, 19 R. I. 129,
32 Atl. 205, 34 L. R. A. 797. The statute providing for survival
of actions embraces actions for injuries to the person other than
those which result in death. The first ground of demurrer, that
the causes of action in the first and second counts do not survive the
death of the intestate in this state, is not well taken.

The third and fourth counts allege that death ensued in conse-
quence of the injuries. They also allege pain and suffering, incapac-
ity to earn wages during lifetime, etc. Each of these counts is, in
my opinion, subject to the objection that it contains allegations of
pain and suffering, etc., which are irrelevent in view of the allega-
tion that the injuries resulted in death.

The question of the right of the plaintiff to join in a single dec-
laration counts which allege that the injury resulted in death and
counts which do not allege that death ensued is not properly raised
by the demurrers. The plaintiff's counsel at the argument stated
that, in view of the uncertainty of the question of fact whether the
death of plaintiff's intestate more than two years after the date of
the injury was due to the injury or to other causes, he has declared
in the first and second counts on the theory that death did not ensue
and in the third and fourth counts on the theory that death did en-
sue as a direct consequence of the defendant's negligence. While
these are distinct causes of action (Union Pacific R. R. Co. v. Wyler,
158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983), I see no reason why
counts of this character may not be joined in a single action (Gould's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Pleading, c. 4, §§ 79–83, inclusive). There will be some difference in the rule of damages and some practical inconvenience in the trial as the result of such joinder. If the plaintiff should succeed in establishing negligence, the jury would have to be instructed to find whether or not death ensued as a consequence, and if so to find damages according to one rule, and if not to find damages according to another rule. This is no greater practical difficulty than arises in many trials, and is a difficulty arising, not from any fault of the pleader, but from uncertainty as to the subject-matter. No mere rule of pleading should be so applied as to require the plaintiff to decide at his peril in advance of the trial a question upon which medical men may disagree.

The third and fourth counts should be amended by striking out all matters which are relevant only in an action where death does not ensue.

The demurrer is sustained as to the third and fourth counts; defendant to amend within two weeks.