CARBARY *v.* DETROIT UNITED RAILWAY.

1. ESTATES OF DECEDENTS—NEGLIGENCE—PLEADING.
   In an action for the negligent killing of plaintiff's intestate, a count under the survival act may be joined with a count under the death act. 3 Comp. Laws, §§ 10117, 10427.

2. SAME—CAUSE OF ACTION—EXECUTORS AND ADMINISTRATORS.
   The right of action in either case vests in the estate.

3. SAME—ELECTION OF REMEDIES.
   While the existence of a right of action under one statute is inconsistent with the existence of such right under the other, no election of remedies can be required.

4. SAME—PLEADING—JOINDER OF COUNTS.
   A difference in the rules of damages and of distributive rights to be applied under different counts does not prevent a joinder.

Certiorari to Wayne; Murphy, J. Submitted May 3, 1909. (Docket No. 47.) Decided July 15, 1909.

Case by George C. Carbary, administrator of the estate of August F. Zirbel, Jr., deceased, against the Detroit United Railway for the negligent killing of plaintiff's intestate. An order overruling a demurrer to the declaration is reviewed by defendant on writ of certiorari. Affirmed.

*Corliss, Leete & Joslyn (Paul B. Moody,* of counsel), for appellant.

*Chamberlain, May, Denby & Webster,* for appellee.

HOOKER, J. The plaintiff brought an action in the capacity of administrator. The declaration contained two counts, one under what has come to be known as the " Survival Act " (3 Comp. Laws, § 10117), and the other under the " Death Act" (3 Comp. Laws, § 10427), so-called, two statutes of this State relating to actions of negligence. The first count alleges the negligent injury of plaintiff's intestate, and his survival for a period of 10 minutes. The other alleges his instantaneous death through defendant's negligence. From an order overruling defendant's demurrer to this declaration it has appealed, and the crucial question is whether the two counts may be joined in one action.

The contention of defendant's counsel is that these two counts are on their face inconsistent, inasmuch as one alleges that the intestate lived 10 minutes after the accident, while the other is based upon his instantaneous death, and, again, that the two rights of action do not accrue to the plaintiff in the same right, for the reason that on the theory of the counts based on the survival act the damages would belong to the estate of decedent, to be distributed under the general law of distribution, while under the other count they would be distributed to certain of the next of kin who should be shown to have been injured.

It is also pointed out that the rule of damage would not be the same in both cases.

The right of action under the survival act and that under the death act are vested by the law in the administrator.   That the right of action under the former act is an asset of the estate does not admit of a doubt, and that the right under the latter is also an asset of the estate was held in the cases of *Findlay* v. *Railway Co.*, 106 Mich. 700 (64 N. W. 732); *Jordan* v. *Railway Co.*, 125 Wis. 581 (104 N. W. 803, 1 L. R. A. [N. S.] 885, 110 Am. St. Rep. 865).   They are both actions by the same plaintiff—*i. e.*, the representative of an estate, authorized to collect its assets—against the same defendant.   Had the laws (as contended in the cases of *Sweetland* v. *Railway Co.*, 117 Mich. 329 [75 N. W. 1066, 43 L. R. A. 568], and *Dolson* v. *Railway Co.*, 128 Mich. 454 [87 N. W. 629]) given a double cause of action, it would seem obvious that a right to join the two causes in one action would violate no principle of pleading unless the difference in distributive rights or a difference in the measure of damages would be an obstacle; and we cannot see that either need be.   But it must be admitted that there is not a double remedy, and that the existence of one cause of action is entirely inconsistent with the existence of the other.   It is obvious, however, that cases may arise where the right of recovery is certain but the remedy uncertain, and dependent upon what a trial may disclose, and a jury conclude, as to the conjunction in point of time of accident and death.   Such a case almost requires a joinder of counts; for if two actions be required to try both theories, not only does delay and expense follow, but a plaintiff is in danger of losing his remedy altogether by "falling between two stools" through successive verdicts in which the juries may differ upon that single question.   See *Barton* v. *Gray*, 48 Mich. 164 (12 N. W. 30); *Berringer* v. *Cobb*, 58 Mich. 560 (25 N. W. 491).

Were such a case one where a plaintiff has a choice of remedies, he would be bound by his election; but he has

no choice. He cannot recover on both, and the defendant is entitled to have the concurrence of all the jurors in a verdict based upon one or the other count, but we see no reason for a denial of the right to join such counts, although we are aware that courts of some States have denied the right. It seems to us that the case is within the rule followed in the cases of *Glover* v. *Radford*, 120 Mich. 542 (79 N. W. 803); *McLaughlin* v. *Austin*, 104 Mich. 491 (62 N. W. 719); *Chaddock* v. *Tabor*, 115 Mich. 33 (72 N. W. 1095); *Dolson* v. *Railway Co.*, 128 Mich. 444 (87 N. W. 629).

The wisdom of joining several counts to meet the exigency of varying testimony has been often vindicated and sanctioned. *Watson* v. *Watson*, 49 Mich. 540 (14 N. W. 489); *Rawlinson* v. *Shaw*, 117 Mich. 5 (75 N. W. 138); *Loudon* v. *Carroll*, 130 Mich. 79 (89 N. W. 578); *Velthouse* v. *Alderink*, 153 Mich. 223 (117 N. W. 76, 18 L. R. A. [N. S.] 587). The fact that the damages to be recovered may be distributed to some and not to others of the next of kin should not be held to preclude such joinder, as the probate court would have jurisdiction to compel their proper application.

Neither is the question raised as to the measure of damage important, for in many instances of joinder of several counts different rules as to the measure of damage would apply.

The judgment is affirmed.

BLAIR, C. J., and MONTGOMERY, McALVAY, and BROOKE, JJ., concurred.