BOESLER v. COPPER RANGE RAILROAD CO.

1. MASTER AND SERVANT — FELLOW-SERVANTS — EMPLOYMENT IN SHOP—STATUTES.

In an action based upon Act No. 104, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 4110 *et seq.*), which abolishes the fellow-servant rule as to common carrier railroad companies, excepting employees working in shops and offices, the question whether a servant that cleaned out the ash pans of defendant's locomotives at an ash pit located outside the roundhouse belonged to the excepted class was a proper question for the jury.

2. SAME—EVIDENCE OF NEGLIGENCE.

Where the testimony tended to show that plaintiff received injuries from the movement of a locomotive under which he was working, cleaning the ash pan, and that no notice was given of the intended change of the engine, and it might be inferred from the evidence, either that the fellow-servant of the plaintiff, or he or both were negligent, the court was not in error in submitting to the jury the question of comparative negligence under the statute.

3. SAME—ASSUMPTION OF RISK—NEGLIGENCE.

The intent of the act was to abrogate the fellow-servant rule; and the provisions of the law do not have the effect of requiring the servant to assume the risk of the negli-

gence of his associates, unless there is evidence that· he knew or had reason to apprehend that they were habitually incompetent, or unless the risk of working with them was obvious.

4. SAME—INFANCY—LABOR LAW—VIOLATION OF STATUTE.

Nor was the charge of the trial court inconsistent or conflicting, although the court did not, in first introducing the subject of plaintiff's infancy and claim that he was under 18 years of age, inform the jury that they should take into consideration the experience which plaintiff had had and the fact that his work was done while the engine remained standing, in considering liability for violation of Act No. 285, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 4009 *et seq.*), when the subject was covered in a later portion of the charge.

5. SAME—ELECTION—VERDICT.

The plaintiff should, however, have been compelled to elect upon which statute he claimed the right to recover: defendant was entitled to have the verdict of the entire jury upon one or the other ground of recovery; and the objection is not answered by the contention that the defendant could have presented special questions to the jury distinguishing upon which count their verdict was based.

Error to Houghton; O'Brien, J. Submitted November 16, 1914. (Docket No. 60.) Decided March 17, 1915.

Case by Fred W. Boesler, Jr., by his next friend, against the Copper Range Railroad Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Stone & Wieder,* for appellant.

*Le Gendre & Driscoll,* for appellee.

OSTRANDER, J. It was a part of the duties of the plaintiff to clean the ash pans of defendant's locomotive engines, they being spotted for this purpose at an ash pit outside the roundhouse by the hostler, who

was plaintiff's immediate superior. Plaintiff worked at night, and on other than Sunday nights was employed at the ash pit until early in the morning. The engines having been put in the roundhouse, he was employed to wipe them. The ash pit had cement sides, and, as described by plaintiff, was more than 70 feet long and 3 or 4 feet deep. A hoe or bar was used to rake ashes from the fire boxes, and in doing it plaintiff stood outside the rail, leaning over the rail, under the engine. A preliminary work, in cold weather, was opening the pans, which sometimes required the use of steam hose. Plaintiff received his injury April 2, 1911, Sunday night. He was then 17 years, 11 months, and 4 days old, and was employed to clean ash pans and wipe engines March 26, 1911. He thus describes his injury and the manner received:

"I was just cleaning the pan there, and I was almost finished, and I went to look in to see if the pan was all cleaned. I couldn't see the pan from the side I was on. I went in to see, and as I had my body over the rail, the engine started and took my hand first, and I pushed myself away and got my body out of the road. That was engine 52, and I had been cleaning it about 10 or 15 minutes, during which time I thought the hostler was over to the coal dock coaling up another engine, because generally he gets around the same time I get through with my work, and I hadn't got quite finished yet. I didn't see or hear him around there, and had no reason to believe that the hostler was in the engine at the time. Perdlewitz was up in the engine, and Driscoll was behind the engine at the turntable, but I couldn't say what he was doing there. The wheel that ran over my hand was the back driver on the left side, the fireman's side. The engine went backward."

There are three counts in the declaration. In the second count plaintiff seems to rely upon Act No. 104, Pub. Acts 1909, and in the third count upon Act No. 285, Pub. Acts 1909 (2 How. Stat. [2d Ed.] §§ 4110 and 4009). The first count is in case for damages

resulting from defendant's negligence, and was abandoned at the trial. Upon the other counts the case went to the jury, and a verdict for plaintiff was returned, upon which judgment was entered.

Appellant states the questions involved as follows:

"Was the plaintiff an employee working in the shop of the defendant within the meaning of section 7 of Act No. 104 of the Public Acts of 1909?

"Were the plaintiff's injuries the proximate cause of his contributory negligence or the negligence of his fellow-servants?

"Were the injuries the result of the assumed risks of the employment?

"Construction of Act No. 285 of the Public Acts of 1909 as applying to male persons under the age of 18 years.

"Should the plaintiff have been required to elect, after the close of the proofs, upon which cause of action he would go to the jury?

"The court committed error in charging that certain facts existed.

"There was no proof of any negligence on the part of the defendant.

"The verdict was not supported by the evidence, and was against the clear weight and preponderance of the evidence.

"The court erred upon certain facts in giving his reasons for denying a new trial."

1. The provisions of Act No. 104, Pub. Acts 1909, do not apply to employees working in shops or offices. Defendant offered testimony to the effect that plaintiff was employed in the engine house department, that engine wipers are classified by defendant and other railroad companies as roundhouse men—shop employees. It is conceded that whether a shop employee or not is a question of fact, and contended that the court erred in refusing to admit in evidence certain instructions issued by the interstate commerce commission to railroad companies with respect to accounting, according to which engine house expenses include

184 Mich.—28.

pay of and supplies furnished to employees engaged in wiping and cleaning fire boxes, among many others. There was nothing in the testimony received, or that which was excluded, which tended to prove that plaintiff was employed, when he was injured, in working in a shop or office. The ash pit was out of doors. Sometimes as many as 12 engines were brought to the pit in one night, under their own steam, the fire boxes cleaned, and the engines removed. It does not appear that defendant requested any instruction upon the subject, or that the court gave any. The failure to instruct is not made ground for an assignment of error. At least, a question of fact was involved, and it is impossible to say that the evidence was conclusive that plaintiff was employed in a shop within the meaning of the statute.

2. Of course, plaintiff's injuries arose out of negligent conduct of his fellow-servants, or his conduct, or the conduct of his fellow-servants and himself. If defendant's theory is supported by a preponderance of evidence, plaintiff's fellow-servants were guilty of no negligence. The negligent conduct attributed to them is the movement of the engine, without notice, while plaintiff was working upon it, or before he was in a position of safety; that at any rate it was moved before those in charge of it were assured, as they should have been, of plaintiff's safety. It is defendant's theory that it was moved upon plaintiff's own assurance that it was proper to move it. There is another possible theory, which is that one of plaintiff's fellow-servants was mistaken, or imperfectly heard, or supposed he heard, the plaintiff's assurance upon which the machine was moved. Assuming that the plaintiff was not a shop or office employee, the submission to the jury of the question whether defendant's other agents or the plaintiff were guilty of greater negligence did not prejudice defendant.

3. Under Act No. 104 plaintiff did not assume the

risk of negligence of his fellow-servants, such risk being expressly excluded by the terms of the act. If it were otherwise, the provisions of section 1 of the act would be, in large measure, nugatory and meaningless. The liability which the statute imposes is damages resulting from the negligence of officers, agents, or employees. There is no claim that plaintiff·knew or apprehended, or had reason to apprehend, that those with whom he was working were habitually careless or incompetent. There was no obvious risk incurred by working with them, no risk which, in view of the statute, plaintiff could assume. It has been held, in construing a very similar statute, that the act having expressly eliminated the defense of assumption of risk in specified cases, the intent was plain that in all other cases such assumption of risk should have its effect, as formerly, as a bar to the action of the injured employee. This was applied in a case where the employee knew of a defect in an appliance used by him, appreciated the resulting danger and continued, without objection, to use it. *Seaboard, etc., Railway* v. *Horton,* 233 U. S. 492, 34 Sup. Ct. 635. This court has, in effect, so construed the statute in question here in *Bruce* v. *Railroad Co.,* 172 Mich. 441 (138 N. W. 362). It is apparent there would be no occasion for comparing the negligence of employees, as the act contemplates, if the risk of negligence of fellow-employees, at least in the ordinary and usual cases, was assumed by the injured employee. Upon the testimony produced, the court should have left to the jury no question of assumption of risk.

4. The court submitted to the jury the question whether plaintiff's employment was in violation of a statute. The charge is criticised as inconsistent because, it is said, the court did not, in first introducing the subject, but did later, say that the age of plaintiff and the fact that his work was done when the engine was not in motion were facts to be considered

by them in answering the question. Usually it is argued that if in the later portions of a charge the last statement of a rule is erroneous, the error is not cured by an earlier correct statement of the rule. In this case the argument is that "it is first impressions that control a jury in a case like this." My own view of the matter is that the charge upon this subject, as a whole, was favorable to defendant.

5. The court should have compelled an election by plaintiff. Plaintiff is claiming the benefit of two statutes, either one or both of which may or may not, as the jury shall find the facts to be, determine his right to recover. Defendant was entitled to have the concurrence of all the jurors in a verdict based upon one count or the other. See *Carbary* v. *Railway*, 157 Mich. 683 (122 N. W. 367). The jury may have believed the plaintiff was guilty of no negligence. In such a case a recovery under either count would have been proper. They may not have entirely believed the plaintiff, and found that he was himself guilty of conduct contributing to his injury, defeating a recovery under the last count and permitting one under the other, if defendant's agents were guilty of greater negligence. For appellee it is said that by the use of special questions the defendant might have been advised, or the court might upon request have required the jury to specify, upon which count the verdict was based. A little reflection will show, I think, that the suggestion has no merit.

There is no occasion to discuss the other subjects presented in argument. They are either disposed of by the foregoing or are not likely to again arise.

For the error pointed out the judgment must be reversed and a new trial granted.

BROOKE, C. J., and MCALVAY, KUHN, BIRD, MOORE, and STEERE, JJ., concurred. STONE, J., did not sit.