Hillsborough, ⎱
Dec. 4, 1951. ⎰  No. 4058.

DOROTHY C. BURKE, *Ex'x v.* WALTER E. BURNHAM.

*McLane, Davis, Carleton & Graf* and *Stanley M. Brown* (*Mr. Brown* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

*Maurice A. Broderick, amicus curiae,* by brief and orally.

DUNCAN, J. The defendant's exception presents the issue of whether a settlement made by the plaintiff's decedent during her lifetime was as a matter of law a satisfaction of damages recoverable in this action, constituting a bar to its maintenance. Since the settlement exceeded the limit of $7,000 placed by statute upon recovery in actions for resulting death (R. L., c. 355, s. 13), the defendant asserts that the plaintiff can have no right of recovery.

There appears to be no dispute that the defendant's liability is that of a joint tort feasor, the other tort feasor having been the person with whom the decedent made her settlement. The plaintiff claims that the damages suffered by the decedent during her lifetime were substantially in excess of the amount of the settlement. She maintains that her right of recovery is not limited to damages arising from the death of her testatrix, but that she may also recover in the same action upon a distinct cause of action which accrued to the decedent during her lifetime, and survives to the plaintiff under the provisions of R. L., c. 355, ss. 9, 11. It is her contention that the $7,000 limitation imposed by section 13 does not extend to this cause of action and that she may be required to give credit for the settlement only against the total damages recover-

able on account of both causes.

The defendant disagrees and contends that the seven thousand dollar limitation imposed by section 13 extends to recovery in any action first brought after death, regardless of whether death is claimed or found to have resulted from the injuries alleged.

I. In order to determine how far the settlement made by the decedent before death constituted satisfaction of the plaintiff's rights, it is necessary first to ascertain the nature of those rights. They are controlled by the provisions of R. L., c. 355, ss. 9-14. The history of this legislation has been frequently reviewed in such cases as *Piper* v. *Railroad*, 75 N. H. 435, 440; *Pitman* v. *Merriman*, 80 N. H. 295; and *West* v. *Railroad*, 81 N. H. 522, 524. It requires no extended reexamination here.

No action was pending upon the death of the plaintiff's testatrix, so that section 10 is inapplicable. The action now pending was brought in compliance with section 11, and is a "new action." The declaration alleges physical injuries to the decedent and that death was caused by them. Under section 12, upon establishment of these facts, the plaintiff is entitled to recover damages as therein provided subject to the limitation imposed by section 13. Damages so recovered (with specified exceptions) belong to and are to be distributed among statutory beneficiaries, as provided in section 14. *Cf. Davis* v. *Herbert*, 78 N. H. 179. These principles are not disputed by the parties. To the extent that the action is to recover for the death of the decedent, it presents a cause which our decisions plainly indicate was first created by statute in 1887 (Laws 1887, c. 71), and which was unknown to the common law. See *Clark* v. *Manchester*, 62 N. H. 577, 581; *French* v. *Mascoma Company*, 66 N. H. 90.

The plaintiff asserts a right to recover also upon a separate cause of action, for the damages suffered by the decedent during her lifetime, which she contends survives by virtue of the provisions of sections 9 and 11 and is an asset of the estate. In support of her position she relies upon *West* v. *Railroad*, 81 N. H. 522, *supra*, for the proposition that there is such a cause of action "of the injured party, which is made to survive." *Id.*, 529. She argues that it may be joined in a single action with a cause arising out of death, and damages assessed as to each cause, either separately, citing *Brown* v. *Weeks*, 79 N. H. 509, or in combination.

Although the plaintiff's declaration alleges solely that a cause of action "has accrued to the plaintiff," with no reference to any other

cause which may have accrued to her testatrix and "survived" to the plaintiff (*Cf. Sawyer* v. *Railroad*, 58 N. H. 517, 519-520), we have considered the dual claims presented in this court since they may be presented below by amendment or otherwise. See *Brown* v. *Weeks, supra.*

The issue is whether two such claims may be maintained together in an action brought after death. In our judgment this was not the intention of the Legislature.

It is not to be disputed that the cause of action which accrued to the decedent survived her and may be enforced by her executrix by a "new action" brought after death (*s.* 11). If death in fact resulted from causes other than the personal injuries, the executrix would be entitled to recover only the damages suffered by her testatrix during life and "to the close of life" (*Corliss* v. *Railroad*, 63 N. H. 404, and the rule announced in *West* v. *Railroad, supra,* could not apply. But since it is here claimed by the plaintiff that death did result from the injuries, a somewhat broader rule of damages is provided by the statute, although the recoverable amount is limited (*ss.* 12, 13).

As appears from section 12 the damages recoverable in the death action include several elements of damage which might have been recovered by the decedent in her lifetime. The executrix is entitled to have considered in the assessment of damages: pain and suffering, the probable duration of the decedent's life but for the injury, and her capacity to earn money, and "other elements [of damage] allowed by law" (*s.* 12).

The Act of 1887 expressly permitted recovery for the benefit of the statutory beneficiaries of "the expense occasioned to [the deceased] in his life." Laws 1887, *c.* 71, *s.* 1. This clause was omitted in the 1891 revision (P. S., *c.* 191, *s.* 12), but the phrase "in connection with other elements allowed by law" was added. The report of the commissioners indicates that in this there was no intention to change the law. Comm'rs' Report (1891) iii, 615. See *Morrell* v. *Gobeil*, 84 N. H. 150, 151. There is thus no reason to believe that expenses occasioned to the decedent during her lifetime are not to be considered in assessing damages under the present section 12. See *Yeaton* v. *Railroad*, 73 N. H. 285, 288. Since section 12 is the only section dealing with damages recoverable where death has resulted, the phrase "other elements allowed by law" must refer to elements of damage recoverable in actions where death is not a factor. Clearly the phrase is sufficiently broad to

include expenses occasioned to the decedent.

So far as loss of earnings during the decedent's lifetime is concerned, the damages to the beneficiaries are measured by the net amount of the lost earnings, although the decedent would have been entitled to the gross. *Morrell* v. *Gobeil*, 84 N. H. 150, 154. But as to the "right to recover for loss of prospective earning capacity," (*West* v. *Railroad, supra,* 529) caused by the shortening of life expectancy, the measure of damages would appear to be the same whether the loss measured is that to the decedent, or to the beneficiaries.

If the plaintiff is correct in her contention that she may recover against the defendant upon two causes of action, it is evident that the major portion of the damages occasioned by the defendant's wrong may be assessed against him twice: damages for pain and suffering, for expenses occasioned by the injuries, for net earnings lost, and for loss of prospective earning capacity. The damages which the plaintiff could recover in the action brought for the benefit of the estate would duplicate for the most part the damages which the statute provides may be considered as elements of damage in the death action. Conversely stated, the damages recoverable under the statute in the latter action include all damages which might be recoverable in an action for damages suffered by the decedent while alive. A procedure permitting recovery upon two such causes of action would clearly violate "the proposition that the law gives no one more than full payment for damage or loss" (*Holland* v. *Company*, 83 N. H. 482, 485) unless it is to be considered that distinct losses were suffered by the estate and by the statutory beneficiaries. The statute however fails so to distinguish or separate rights of the estate and rights of the statutory beneficiaries as to suggest that "full payment" to each was intended. On the contrary, it expressly provides that damages which would normally be considered assets of the estate shall belong to the statutory beneficiaries.

It gives no indication that two rights of coincidental recovery were intended. Section 11 provides for the bringing of a new action "for such cause," that is "for physical injuries to the person" (s. 9). So far as this section is concerned, the action may be for personal injuries alone or it may be for such injuries resulting in death. Section 12 contains no provision for the bringing of the action, but defines the damages in actions brought under section 11 where "death . . . was caused by the injury." In effect, by enlarging the

recoverable damages it permits recovery for death in an action founded upon a cause which arose in the decedent's lifetime and was made to survive by sections 9 and 11. By section 14, all of the damages "in such case" belong to designated beneficiaries. There is no suggestion in the statute that two actions may be maintained after death or that double liability is imposed.

To the extent that the decedent was survived by a cause of action which accrued to her, rather than by a pending action brought by her (see *Emery* v. *Railroad*, 67 N. H. 434), any action to enforce that surviving cause is governed by section 11, chapter 355, Revised Laws. If death in fact resulted from her injuries, recovery may be had under section 12; but the action is nevertheless founded upon the cause surviving the decedent. Although the right to recover in favor of the statutory beneficiaries is sometimes referred to as a "new" cause of action (*Davis* v. *Herbert*, 78 N. H. 179, 180; *West* v. *Railroad*, 81 N. H. 522, 529-530; *Ghilain* v. *Couture*, 84 N. H. 48, 54), it is new primarily in the sense that it was unknown to the common law (*Poff* v. *Company*, 72 N. H. 164; *Desmarais* v. *Company*, 79 N. H. 195), and unenforceable by the decedent. It is nevertheless so far identified with the decedent's cause of action that a release or discharge given by him or negligence on his part bars recovery by the administrator. *Cogswell* v. *Railroad*, 78 N. H. 379, 386; *Niemi* v. *Railroad*, 87 N. H. 1, 7. "The statute, first permitting an action for personal injury to be brought after the injured person's death, then operates to transfer from the latter's estate to [the distributees] the beneficial interest in the action. . . . It is true that the cause of action for injury resulting in death is for a wrong to the decedent. Death does not defeat the cause . . . . But the cause is not an asset of the decedent's estate. . . . The entire beneficial interest in the cause is vested upon . . . death in the distributees the statute designates . . . ." *Niemi* v. *Railroad*, 87 N. H. 1, 5, 6. *Cf. Davidson Benedict Co.* v. *Severson*, 109 Tenn. 572.

We conclude that the remedy afforded by the recovery of damages under section 12 was intended to be exclusive in cases where the damages sought and recovered are for resulting death, and that it was not intended that double recovery should be permitted by simultaneous enforcement of a separate surviving cause of action in favor of the estate. See Schumacher, Death and Survival Statutes, 23 Mich. L. Rev. 114, 128. R. L., c. 355, ss. 11-14, fall into the category described by the Restatement as "Combined Death and Survival Statutes." Restatement, Torts, s. 925, p. 641.

Under section 12 "the damages include both the losses sustained by the deceased on account of the harm during his lifetime and the value at the time of death of what would have been the net earnings of the deceased less living expenses during the period of his life expectancy. Such statutes avoid the expense of two actions and the difficulties which frequently arise where there is a separate death statute and a survival statute." *Id.*, 641, 642. See also, 16 Am. Jur. 52, *s.* 66. Our statute has been so regarded by writers who have had occasion to consider it. Tiffany, Death by Wrongful Act (2d *ed.*), *s.* 26; Note, 44 Harv. L. Rev. 980, 981; McCormick, Damages, 364, 371.

It is not intended hereby to suggest that a declaration based upon injuries suffered by the decedent with no claim of resulting death, may not be joined with one which seeks recovery for resulting death. *Cf. Carbary* v. *Railway,* 157 Mich. 683; *McLaughlin* v. *Company,* 171 Fed. 269. If it is found that death resulted, recovery may be had under section 12. If it is found that it did not, recovery is governed by the rules of damages which pertain in an action brought before death. See *Brown* v. *Weeks,* 79 N. H. 509, *supra.* Recovery may be had not upon two causes of action, but upon one alone, the recoverable damages depending upon whether death resulted. If it may properly be said that there are "separable" causes (*Brown* v. *Weeks, supra*), it should also be said that they are alternative, rather than concurrent.

In its present form the action before us presents solely a claim under section 12. Under the circumstances it is perhaps unnecessary to decide whether the $7,000 limit would apply if death did not result from the injuries. Since the issue may arise upon trial however (*Brown* v. *Weeks, supra*), it is thought that consideration of the question may be desirable. In *Piper* v. *Railroad,* 75 N. H. 435, 442-444, the question was adverted to, but not decided. The construction there adopted of the present section 13 (then section 11) would lead to the conclusion that the limitation applies to any "new action" brought after death, regardless of whether death resulted from the injuries or not.

Prior to the 1891 revision considered in the *Piper* case, although damages in actions for injuries resulting in death were subject to limitation (Laws 1887, *c.* 71), actions where resulting death was not alleged survived without limitation. Laws 1885, *c.* 11. See *French* v. *Mascoma Company,* 66 N. H. 90, *supra.* The 1891 revision was thought to have been intended to eliminate this "ano-

maly." *Piper* v. *Railroad, supra,* 444.

In the revision of 1925 however, the section of the 1891 compilation imposing the $7,000 limitation was removed from a position following section '10 relating to "new actions," to one following section 12 relating to damages in actions for injuries causing death. No reason for this transposition suggests itself, except a purpose to have the section modify and relate to section 12, rather than section 10 (now 11), which it previously followed. The former section 13 (now 14) which previously followed section 12 was said to relate "only" to damages recovered under the latter section. *Piper* v. *Railroad, supra,* 442. By the same principle, the present section 13 should be similarly limited in its application. In *Ham* v. *Authority,* 92 N. H. 268, 276, the limitation was described as a "limitation of damages in actions for death."

Such a distinction is not without basis in logic. Damages for injuries to the decedent are restricted within definite limits established by the common law. *Cf. West* v. *Railroad,* 81 N. H. 522, 529. Recovery for injuries causing death, for the benefit of survivors, however, suggests more speculative elements of damage as to which there has been a "policy . . . of restriction" by arbitrary limit. *Ham* v. *Authority, supra,* 276. "Prior to the Public Statutes, the . . . limitation applied only to suits for injuries resulting 'in death." *Piper* v. *Railroad, supra,* 444. We are of the opinion that the revision made in 1925 was intended to restrict the application of the $7,000 limit to actions for damages where death has resulted from the injuries sued upon.

II. There remains to be determined the question of whether the settlement received by the plaintiff's testatrix during her lifetime has the effect of reducing the amount recoverable from the defendant. "When one is injured by joint wrongdoers, a settlement with one of them is presumptively in full satisfaction for the injury . . . . But if the settlement with one is not intended as full satisfaction, the others are released only to the extent of the amount paid." *Masterson* v. *Railway,* 83 N. H. 190, 192.

In the settlement made in the case before us, a covenant not to sue was given by the decedent, and no claim is made by the defendant that his liability was extinguished because released and discharged by the covenant. The extent to which the defendant is entitled to set off against a verdict in this action, the amount received by the decedent in settlement, depends upon how far the payment satisfied the obligation of the defendant now sought to be

enforced.  *Stacy* v. *Company,* 83 N. H. 281; *Wheat* v. *Carter,* 79 N. H. 150.

Obviously no claim could effectively have been made by the decedent for death resulting from the injuries.  *Ham* v. *Authority,* 92 N. H. 268, 275.  Thus certain of the damages recoverable in the pending action could not have been satisfied by the settlement.  On the other hand, so far as now appears every element of damage which the decedent may have claimed in effecting the settlement may be considered in the pending action.  R. L., c. 355, s. 12.  It follows that the entire settlement should be credited against the defendant's liability.  *Mullen* v. *Bank,* 88 N. H. 90.

The situation of this case differs from that presented by *Holland* v. *Company,* 83 N. H. 482.  There both the obligations to be satisfied and the parties to which they ran, were held to be separate and distinct.  Here, while the recipients of the payments differ, both the payment to the decedent, and any recovery by the plaintiff are in "payment of damages for the tort."  *Holland* v. *Company, supra,* 486.  The tort gave rise to a single obligation for which the tort feasors were jointly liable.  The rights of the statutory beneficiaries, while distinct from those of the decedent, derive from the same wrong, and depend upon survival of a cause of action originating in the decedent.  *Hinman* v. *Director General,* 79 N. H. 518; *Niemi* v. *Railroad,* 87 N. H. 1, *supra.*  They were extinguishable by a discharge of the cause of action given by the decedent before death, and never arose if her negligence contributed to cause the injuries.  *Cogswell* v. *Railroad,* 78 N. H. 379, *supra; Niemi* v. *Railroad, supra.*  The obligation to the decedent and that to the beneficiaries are so far identical that the proceeds of the settlement received by the decedent must be deemed partial satisfaction of damages for which the defendant may be found liable in this action, reducing his liability *pro tanto.*

It was the gross obligation which was thus reduced, rather than the "damages recoverable" after death, as limited by statute (s. 13).  The decedent's right of recovery against the defendant was diminished when the payment was received.  The cause of action which survived the decedent was a right to recover the present worth (*Thibeault* v. *Brown,* 92 N. H. 235, 236) of the total damages occasioned by the injury, reduced before death by the amount paid her in partial satisfaction.  It is the unpaid balance surviving the decedent as thus determined to which the statutory limit applies.  "The statute . . . merely establishes a limit to the recoverable

damages, although in fact the actual damage may exceed the statutory limit." *Welch* v. *Railroad*, 78 N. H. 277, 280. To apply the credit against the statutory recoverable maximum would defeat the provisions of sections 9 and 11 under which the decedent's cause of action, whatever it may be, is made to survive.

The credit to which the defendant is entitled on account of the settlement may be effected by deducting from a general verdict returned without reference to the statutory limit, the amount of the settlement made by the decedent. Judgment may then be entered upon the remaining balance or for $7,000, whichever shall be less. If the question of whether death resulted is in issue, and an alternative submission is made, the jury's determination of the issue may be indicated by special verdict.

*Exception overruled.*

JOHNSTON, C. J., *dissented;* the others concurred.

JOHNSTON, C. J., *dissenting:* Since this is an action to recover damages for injuries resulting in death, I am of the opinion that the credit to which the defendant is entitled should be set off against damages recoverable under R. L., c. 355, s. 13. *Cogswell* v. *Railroad*, 78 N. H. 379.