KATHLEEN BOYD, Administratrix of the Estate of FRANK H. BOYD, Deceased and KATHLEEN BOYD, Individually, Plaintiffs

v.

ATLAS MOTOR INN, INC., FLAMBOYANT INVESTMENT CO., LTD., d/b/a FRENCHMAN'S REEF HOLIDAY INN, MORNING STAR BEACH, INC., d/b/a MORNING STAR BEACH RESORT, CARIBBEAN REFRIGERATION SERVICES, INC. and CARIB SPORTS, INC., Defendants

Civil No. 78-242

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 29, 1979

SAMUEL H. HALL, JR., ESQ., St. Thomas, V.I., for *plaintiffs*

DAVID O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

In May of 1978, Frank H. Boyd was electrocuted while retrieving a tennis ball in the alley between defendant Carib Sports, Inc.'s tennis shop and the fence surrounding the adjacent tennis courts. Kathleen Boyd then commenced this wrongful death action, in both her individual capacity and as the Administratrix of the estate of Frank H. Boyd, seeking compensatory and punitive damages. In its present posture, the case is presently before the Court on a motion of Carib Sports, Inc. (hereinafter sometimes "Carib") to strike plaintiffs' claim for punitive damages. Fed. R. Civ. P. 12(f). The motion to strike will be granted.

Carib's motion is premised on this Court's holding in Street v. Aqua Action, No. 76-36 (D.V.I. Nov. 29, 1976), that punitive damages are not available in wrongful death actions in the Virgin Islands. Plaintiffs respond that the Street holding should be reconsidered since it incorrectly construes the Virgin Islands Wrongful Death Statute, 5 V.I.C. § 76 (1974). To bolster their contention, plaintiffs argue that the Court in Street failed to consider the possibility that if § 76 does not allow punitive damages in wrongful death actions, while at the same time punitive damages are available in personal injury actions in the Virgin Islands, then § 76 would violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.[1]

---

[1] The Revised Organic Act of 1954 § 3 makes the Bill of Rights of the Federal Constitution applicable to the Virgin Islands to the fullest extent possible consistent with its status as a territory. In the Matter of Brown, 8 V.I. 313, 439 F.2d 47 (3d Cir. 1971).

■ Absent the constitutional infirmity now suggested by plaintiffs, the reasoning underlying the holding in Street remains persuasive. Firstly, the wrongful death statute superceded by § 76 was interpreted as prohibiting awards of punitive damages in such actions. Williams v. Dowling, 4 V.I. 465, 469, 318 F.2d 642, 644 (3d Cir. 1963). Yet, despite the fact that the 1974 Legislature made extensive revisions in the statute and must be deemed to be aware of the Williams decision, no overt attempt was made to legislatively overrule Williams. The absence of indications of legislative intent to alter the law is further illustrated by the language of § 76(e). That section lists in detail the damages recoverable in a wrongful death action but makes no mention of punitive damages. Finally, in the event § 76 is deemed to be nondispositive because of its failure to expressly exclude punitive damages, the Restatement (Second) of Torts § 908, Comment a (1979), states that "[p]unitive damages are not awarded . . . ordinarily in an action under a death statute". As pointed out by plaintiffs, however, their equal protection challenge was addressed by neither the Court nor the parties in Street. Furthermore, the premise of plaintiffs' argument, that punitive damages are available in personal injury actions in the Virgin Islands, is in fact the law of the Virgin Islands. See Herman v. Hess Oil V.I. Corp., 10 V.I. 52, 537–38, 379 F.Supp. 1268, 1276 (D.V.I. 1974), aff'd 524 F.2d 767 (3d Cir. 1975).

■ After prolonged, somewhat agonized contending with the constitutional issue raised by plaintiffs, forcibly and lucidly as it was advanced, the Court remains unswayed. There will be no withdrawal from Street at this time.

In this Court's judgment, the equal protection clause is not appropriate for consideration in this context. That clause of the United States Constitution has been so

369

pressed that elasticity, of formidable proportion, has come to be its most noteworthy hallmark. Certainly much more than was originally within contemplation.

Plaintiffs have cited the Court to but one case in which an equal protection challenge to the supposed infirmity of a wrongful death statute has been sustained. In re Paris Air Crash of March 3, 1974, 427 F.Supp. 701 (C.D. Cal. 1977). Sufficient time has elapsed in which a following could have developed but plaintiffs have given indication of none. This lack, in itself, may be taken as mute testimony of the debility of that decision, even in infancy. More than likely the two distinguished members of the Federal District Bench who authored Paris may have been logically and reasonably led to their conclusion because of the particular statutory scheme of the state of California.[2] At all costs, the Paris judges are to be commended for courageously standing fast by their convictions. The immense number of plaintiffs was, standing alone, enough to give one pause for thought. However they may have reached their determination, I decline to follow their lead.

More in keeping with this Court's view is the opinion expressed in another case, this time on the circuit level, in Couture, Adm. v. B. Offer & Co. Inc., 501 F.2d 1145 (1st Cir. 1974). There the First Circuit gave short shrift to an equal protection challenge to a wrongful death statute. The New Hampshire wrongful death statute had arbitrarily fixed a ceiling on the recovery in damages. The Couture court relegated discussions to a footnote, saying,

---

[2] As here pertinent, § 377 of the California Code of Civ. Pro. provides:
". . . the heirs . . . or the personal representative on their behalf may maintain an action for damages . . . such damages may be given as under all circumstances of the case, may be just. . . ."
Sec. 377 was read by the Paris court in conjunction with Sec. 3294:
"In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant."

[t]he Couture Estate raises an equal protection challenge to the limitation on damages that can be recovered in a suit based on wrongful death under New Hampshire law . . . it is clear that the legislature has, in granting a right to recover which did not exist at common law, made a rational distinction between damages that go to the injured party himself and damages that go to his estate. Not only is the plaintiff a different party but there is another ground for legitimate distinction, the element of damages. As the New Hampshire Supreme Court has stated, "damages for injuries . . . are restricted within definite limits established by the common law. . . . Recovery for injuries causing death, for benefit of survivors, however, suggests more speculative elements of damage as to which there has been a 'policy . . . of restriction' by arbitrary limit. Burke v. Burnham, 97 N.H. 203, 84 A.2d 918 (1951)." 501 F.2d at p. 1149.

Couture recognizes the unstated, but perhaps basic. One of the considerations in permitting punitive damage awards has to be the physical trauma, the affront, the malice, the fraud and the oppression wreaked upon the one injured. Thus viewed, punitive damages may be thought of as an extension of the compensatory award. If so, so be it. Otherwise, why not let the exemplary damages be awarded to the government?[3]

After thoughtful reconsideration the Court leaves by "the same door wherein [it] went".

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Carib Sports, Inc., to strike plaintiffs' claim for punitive damages be, and the same is hereby, GRANTED.

---

[3] Such was the basis on which a jury made an overly large punitive damage award, in at least one lawsuit in this district.