Cheshire
No. 80-481

### GEORGE N. LEES, AS ADMINISTRATOR OF THE ESTATE of ROSE M. NOLAN

v.

### JOHN L. NOLAN

August 5, 1981

*Bell, Falk & Norton,* of Keene (*Ernest L. Bell, III,* on the brief), by brief for the plaintiff.

*William H. Kennedy* and *Lawrence G. Brann,* of Keene (*Mr. Brann* on the brief), by brief for the defendant.

PER CURIAM. The narrow issue we decide in this appeal in an action for wrongful death is whether, upon receiving a special jury verdict, the trial court erred in discounting from the amount awarded only the loss of the future earnings of the deceased. We find no error and affirm.

On December 10 or 11, 1977, Rose M. Nolan froze to death. The administrator of her estate brought an action against the defendant, pursuant to RSA 556:11 and :12. In answer to special verdict questions, the jury found that, after reducing the verdict to reflect the deceased's comparative negligence, the estate was entitled to recover $53,300. The jury also found that the deceased had a life expectancy of twenty-three years, that her probable loss of earning capacity had she lived less her necessary living expenses was $4,000, and that the interest rate at which the damages for the deceased's lost earning capacity should be discounted was ten percent. The Trial Court (*Pappagianis,* J.) discounted the verdict to $49,746. It thus appears that the court discounted only that portion of the total verdict relating to lost earning capacity.

On appeal, the defendant contends that the entire amount of the verdict should have been discounted. We think it is clear that the court's failure to discount anything more than that portion of the verdict reflecting the deceased's lost earning capacity was not improper. In fact, there is some basis for holding that, because the high rate of inflation might well reduce the value of money as time goes on at a rate almost equal to future interest rates, even discounting lost future wages is wrong. *See Brochu v. Ortho Pharmaceutical Corp.,* 642 F.2d 652, 664 n.17 (1st Cir. 1981); *Beaulieu v. Elliott,* 434 P.2d 665, 671–72 (Alaska 1967); *Kaczkowski v. Bolubasz,* 421 A.2d 1027, 1030–39 (Pa. 1980); Middleton and Chiesa, *Trial of Wrongful Death Cases in New Hampshire,* 19 N.H.B.J. 69, 80 (1977). We need not decide that issue in this case, however, because the plaintiff has not raised it.

The only real element of damages that made up the balance of the verdict in this case was "the mental and physical pain suffered by the deceased in consequence of the injury. . . ." RSA 556:12. This is an element of damage that, unlike loss of earning capacity, had already occurred at the time of trial and for which

the estate is entitled to recover right away and not at some time in the future. A careful reading of prior decisions of this court leads us to doubt that any element of damages other than loss of earning capacity was ever intended to be discounted. *See Burke v. Burnham*, 97 N.H. 203, 209, 84 A.2d 918, 923 (1951); *Adams v. Severance*, 93 N.H. 289, 292, 41 A.2d 233, 236 (1945); *Thibeault v. Brown*, 92 N.H. 235, 236–38, 29 A.2d 461, 462–63 (1942).

In any event, we now hold that the amount of damages not attributable to the deceased's lost earning capacity should not be discounted and that the trial judge did not err in refusing to discount that portion of the verdict relating to the deceased's physical and mental pain and suffering.

*Appeal dismissed; affirmed.*