Mayrand v. Water Pik, et al.          CV-00-531-M    02/06/02
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Linda J. Mayrand and Gregory
Harper, Co-Guardians of
James R. Whitley II,
      Plaintiffs

      v.                                    Civil No. 00-531-M
                                            Opinion No. 2002 DNH 038
Water Pik Technologies, Inc.
and Laars, Inc.,
      Defendants


                           **O R D E R**


      Defendants move for reconsideration of the court's order

denying their motion to dismiss by reason of abatement.  The

motion is denied.


      Based upon the plain language of RSA 556:10, James Whitley's

personal injury action did not abate upon his death.  Abatement

occurs, by operation of the statute and New Hampshire precedent,

only upon a condition subsequent – failure of the decedent's

administrator to appear and assume prosecution of the personal

injury action pending at decedent's death, within one year of

death.  Whitley's administrator has appeared and is pursuing the

suit, which means that the condition triggering abatement has not been, and cannot ever be met, in this case.

Defendants appear to be misreading both the applicable statutes and Burke v. Burnham, 97 N.H. 203 (1951), the principal case upon which they rely (which of course discusses a statutory scheme that has since been substantively amended). The relevant portion of Burke provides:

> Section 11 [of RL ch. 355, now codified as RSA 556:11] provides for the bringing of a new action "for such cause," that is "for physical injuries to the person" (s. 9). So far as this section is concerned, the action may be for personal injuries alone or it may be for such injuries resulting in death. Section 12 [now codified as RSA 556:12] contains no provision for the bringing of the action, but defines the damages in actions brought under section 11 where "death . . . was caused by the injury." In effect, by enlarging the recoverable damages it permits recovery for death in an action founded upon a cause which arose in the decedent's lifetime and was made to survive by sections 9 and 11 [now codified as RSA 556:9 and 11]. . . .
>
> To the extent that the decedent was survived by a cause of action which accrued to her, rather than by a pending action brought by her [as in this case], any action to enforce that surviving cause is governed by section 11, chapter 355, Revised Laws. If death resulted from her injuries, recovery may be had under section 12; but the action is nevertheless founded upon the cause surviving the decedent.

<u>Id.</u> at 207-08 (citations omitted).

While <u>Burke</u> holds that a "cause of action which accrued to [a] decedent survived her [death] and may be enforced by her executrix by a 'new action' brought after death," <u>id.</u> at 206, the reference to a "new action" does not mean that a pending personal injury action "abates" upon death under the statute, requiring the administrator to file a "new" or "substitute" wrongful death action in its place. As <u>Burke</u> explains, "[a]lthough the right to recover in favor of . . . statutory beneficiaries is sometimes referred to as a 'new' cause of action, it is new primarily in the sense that it was unknown to the common law . . . ." <u>Id.</u> at 208 (citations omitted).

In summary, while <u>Burke</u> may or may not prove relevant to the measure of recoverable damages at some point, it does not stand for the proposition for which it has been cited by defendants. <u>Burke</u> does not hold that, contrary to the plain language of RSA 556:10, decedent's personal injury action, pending at the time of his death, abated, and must be replaced, procedurally, by a different cause of action for wrongful death.

3

Accordingly, defendants' motion for reconsideration is denied.

**SO ORDERED**.

_____
Steven J. McAuliffe
United States District Judge

February 6, 2002

cc: Debra M. Walsh, Esq.
    Andrew D. Dunn, Esq.
    Kenneth C. Brown, Esq.

4